

(Sample Proof of Service – To Be Attached to All Documents Submitted to the Court)

MAY 12 2022

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

Michael GENE McKinney

v.

FRESNO County SHERiFF ET AL

Case Number: 1:22-CV-00475-DAD-EPG

**PROOF OF SERVICE
BY MAIL**

I hereby certify that on _____5- 12-2022_____, I served a copy of the attached _____documents_____,

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by ~~depositing said envelope in the United States Mail at~~ PERSONAL SERVICE:

**(List Name and Address of Each**

**Defendant or Attorney Served)**

FRESNO County SHERiFF'S OFFICE
MARQART MiMS
RYAN HushAW

2200 FRESNO STREET
FRESNO CA  93721

EACH AND ALL ABOVE

I declare under penalty of perjury that the foregoing is true and correct.

Debra Folty
Debra Foltz

(Name of Person Completing Service)

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

Michael Gene McKinney ,

vs.

Fresno County Sheriff's Office , et al. ,

CASE NO: 1:22–CV–00475–DAD–EPG

## SUMMONS IN A CIVIL CASE

TO:  Fresno County Sheriff's Office, Ryan Hushaw, Margaret Mims

Defendant's Address:

**YOU ARE HEREBY SUMMONED** and required to serve on:

> Michael Gene McKinney
> 4397 N. Valentine Avenue
> Fresno, CA 93722

an answer to the complaint which is served on you with this summons, **within 21 days after service of this summons on you**, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**KEITH HOLLAND**
_____
CLERK

/s/  C. Maldonado
_____
(By) DEPUTY CLERK



ISSUED ON 2022–04–25 11:46:12
CLERK, USDC EDCA

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me (1) | **DATE** |
| **NAME OF SERVER** *(PRINT)* | **TITLE** |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant. Place where served: _____

_____

☐  Left copies thereof at the defendant's dwelling house or usual place of bode with a person of suitable age and discretion then residing therein.

☐  Name of person with whom the summons and complaint were left:_____

☐  Returned unexecuted:_____

_____

_____

☐  Other (specify) :_____

_____

_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
                              Date

_____
*Signature of Server*

_____
*Address of Server*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT

COMPLAINT **ORIGINAL FILED**

APR 2 1 2022

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

MICHAEL GENE MCKINNEY          Plaintiff,      Plaintiff demands trial by jury

1:22-CV-00475-DAD-EPG

VRS

FRESNO COUNTY SHERIFF'S OFFICE

FRESNO COUNTY SHERIFF MARGARET MIMS          Defendants

FRESNO COUNTY SHERIFF'S CAPTAIN RYAN HUSHAW

1.      At all times hereinafter mentioned, Plaintiff was and still is a resident of Fresno County, California.

2.      The Defendants were and still are residents of Fresno County, California.

3.      The jurisdiction of the United States Court is invoked because the Defendants violated the Plaintiffs Constitutional right to Due Process. The Defendants told the Plaintiff he could file a formal written appeal of a decision made by their employee. The Plaintiff did so. The Defendants deprived the Plaintiff's right to due process by not allowing his participation in the appeal. The Defendant was not presented an opportunity to review the information used in determining the claims stated in the denial or given opportunity to offer rebuttal testimony or evidence to disprove the claims given as reasons for the decision being appealed.

4.      Plaintiff applied to the Fresno County Sheriff's office for a permit to legally carry a concealed weapon in 2018. This application was denied. Reasons offered to support the denial were the applicant's criminal record and psychiatric profile. The plaintiff did not appeal.

Plaintiff reapplied for a permit to legally carry a concealed weapon on order number C6R3NCVUG dated 9/30/2021.

The permit order number C6R3NCVUG was denied by email on 1/10/2022. The reasons given for the denial were Criminal History 26150 PC, and Moral Character 26150(a)(1) PC.

On 1/11/2022 the Plaintiff mailed a formal written request to appeal the decision to deny the permit applied for on order number C6R3NCVUG. The appeal request was addressed to the administrative Captain at the CCW unit.

0n 2/17/2022 the plaintiff received an email advising the application for a permit order number C6R3NCVUG was denied for the following reasons: Withheld/False Information on Application 26180 PC, Criminal History 26150 PC. This email advised the Plaintiff that he could appeal this decision by mailing an appeal request to the administrative Captain at the CCW unit.

On 2/22/2022 the plaintiff mailed a formal written request to appeal the denial dated 2/17/2022 to the administrative Captain at the CCW unit.

In late March 2022 a person representing their self as an employee at the CCW unit office phoned the plaintiff to notify him that his appeals were denied.

On 4/8/2022 the Plaintiff mailed a letter to the administrative Captain at the CCW unit giving notice that a phone call or email would not suffice as formal denial of the appeals.

5.      Wherefore, the Plaintiff demands that,

a)      The court compel the defendants to establish a process that offers a person whose application for a permit to carry a concealed weapon is denied an opportunity to participate in an unbiased appeal process like that prescribed and protected by the judiciary.

b)      The court order the defendant to allow the plaintiff to participate in a court approved appeal process, once established, that will allow him to appear at the appeal and present testimony and evidence to rebut information contained in the reasons for the denial of a CCW permit application.

c)      The court order the Defendants to pay any monetary damage the Plaintiff incurs as result of the Defendants actions and the reimburse the costs of the Plaintiff's search for relief.

d)      Any further relief which the court or a jury may deem appropriate.

The Plaintiff is:                    Michael Gene McKinney


The Plaintiff's address:             Michael Gene McKinney
                                     4397 N. Valentine Avenue
                                     Fresno, CA  93722



The Defendants Are   :               Fresno County Sheriff's Office
                                     Margaret Mims, Fresno County Sheriff
                                     Ryan Hushaw, Fresno County Sheriff's Captain


All Defendants addresses:            Fresno County Sheriff's Office
                                     Sheriff Margaret Mims
                                     Captain Ryan Hushaw
                                      2200 Fresno Street
                                      Fresno, CA  93721


_____          4 | 21 | 2022
Michael Gene McKinney      Plaintiff        date

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL GENE MCKINNEY ,                    NO. 1:22–CV–00475–DAD–EPG

12                     Plaintiff(s),

13                v.                             STANDING ORDER

14    FRESNO COUNTY SHERIFF'S OFFICE , ET
      AL. ,

15                     Defendant(s).

16    ─────────────────────────────────────/

17        1.  LAW AND MOTION

18            A.  Calendar

19                The civil law and motion calendar for Judge Drozd is held on the first and third Tuesday

20    of every month commencing at 9:30 a.m. in Courtroom 5, located on the seventh floor.  It is not

21    necessary to clear a date prior to scheduling a civil law and motion matter for hearing.  All

22    motions shall be noticed for hearing.  The parties may indicate in their papers if they wish to

23    submit any motion for decision without oral argument.  The court may elect to submit any motion

24    for decision without oral argument and will so advise the parties by minute order in advance of

25    any noticed hearing date.  The parties are required to comply with Local Rule 230, or other

26    applicable rules and notice requirements with respect to motions.  Finally, telephonic appearances

27    before Judge Drozd are encouraged and parties may do so by dialing 877–402–9757 (access code

28    6966236) at the time of the hearing.  Because the court may be hearing other matters using the

1  same conference line, pelase wiat to state your appearance until your case has been called and

2  appearances are requested.  Keep all background noise to a minimum.  At least 48 hours prior to

3  the hearing you must email Courtroom Deputy Jami Thorp, at jthorp@caed.uscourts.gov,

4  to advise the court you will be appearing telephonically.

5       B.  Briefing

6       Unless prior leave of Court is obtained, all moving and opposition briefs or legal

7  memorandum in civil cases shall not exceed 25 pages.  Reply briefs filed by moving parties shall not

8  exceed 15 pages.  Only for good cause shown will the court grant an application to extend these page

9  limitations.  Briefs that exceed the page limitations or are sought to be filed without leave of court may

10 not be considered.  Finally, no supplemental briefs shall be filed without prior leave of court[1]

11      C.  Meet and Confer Requirement

12      Prior to filing a motion in a case in which the parties are represented by counsel, counsel

13 shall engage in a pre–filing meet and confer to discuss thoroughly the substance of the

14 contemplated motion and any potential resolution.  Counsel should resolve minor procedural or

15 other non–substantive matters during the meet and confer process so that briefing on motions that

16 proceed to hearing is directed only to those substantive issues requiring resolution by the court.  **A**

17 **notice of motion shall contain a certification by counsel filing the motion that meet and**

18 **confer efforts have been exhausted, with a very brief summary of meet and confer efforts.**

19      2.  ELECTRONIC FILING

20      The United States District Court for the Eastern District of California requires electronic

21 filing of documents in all new and pending civil cases in which parties are represented by

22 counsel.  A party proceeding without counsel may request authorization to file electronically.

23 Information about the court's Electronic Case Filing system ("ECF") is available on the court's

24 website at www.caed.uscourts.gov/cmecf.  *See also* Local Rule 133.

25      All manually filed documents (those documents excused from the electronic filing

26 requirements by the Local Rules) shall be served as otherwise required by the Federal Rules of

27 Civil Procedure or Local Rule 133.

28      [2] Font must be in Times New Roman and no less than 12.  Footnotes shall be in typeface no more
   than one size smaller than text size.

### 3. COURTESY COPIES

Counsel are ordered to deliver to the Clerk's Office clearly marked courtesy copies of all electronically filed documents that exceed twenty-five (25) pages, and conformed courtesy copies of all manually filed documents, by either personally delivering them or sending them by guaranteed overnight delivery. *See* Local Rule 133(f). The parties need not provide courtesy copies of answers or shorter pleadings. If a courtesy copy is sent by guaranteed overnight delivery, the sender shall notify the delivery service that the signature of the recipient is not required.

### 4. PROPOSED ORDERS

Judge Drozd does not require the parties to submit proposed orders with motions to dismiss or motions for summary judgment, but does require the parties to provide proposed consent decrees and proposed findings of fact. If the court does direct the filing of a proposed order, the party should submit it as required by Local Rule 137(b) and email it in Microsoft Word to dadorders@caed.uscourts.gov.

### 5. EX PARTE APPLICATIONS

Ex parte applications typically are not heard, but are submitted by the court unless otherwise notified. The filer is required to contact the courtroom deputy and the opposing party prior to the filing of the ex parte application in order to advise that such request is being made. In addition, the document(s) must indicate whether or not an opposition will be filed. The filer shall include an affidavit indicating a satisfactory explanation for the following: (1) the need for the issuance of such an order, (2) the inability of the filer to obtain a stipulation for the issuance of such an order from other counsel or parties in the action, and (3) why such request cannot be noticed on the court's motion calendar as provided by Local Rule 230.

### 6. TROs AND INJUNCTIONS

Parties seeking emergency or provisional relief shall comply with Federal Rule of Civil Procedure 65 and Local Rule 230. The court typically will not rule on any application for such relief for at least twenty-four (24) hours after the party subject to the requested order has been served; such party may file opposing or responding papers in the interim. The parties shall lodge a courtesy copy with chambers of all papers relating to proposed TROs and injunctions, conformed to reflect that they have been filed.

1      7.  <u>SEALING AND PROTECTIVE ORDERS</u>

2        No document will be sealed, nor shall a redacted document be filed, without the prior

3  approval of the court.  If a document for which sealing or redaction is sought relates to the record

4  on a motion to be decided by Judge Drozd, the request to seal or redact should be directed to him

5  and not the assigned Magistrate Judge.  All requests to seal or redact shall be governed by Local

6  Rules 141 (sealing) and 140 (redaction); protective orders covering the discovery phase shall not

7  govern the filing of sealed or redacted documents on the public docket.  The court will only

8  consider requests to seal or redact filed by the proponent of sealing or redaction.  If a party plans

9  to make a filing that includes material an opposing party has identified as confidential and

10  potentially subject to sealing, the filing party shall provide the opposing party with sufficient

11  notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

12      8.  <u>FINAL PRETRIAL CONFERENCES</u>

13        In those cases in which Judge Drozd is conducting the Final Pretrial Conference, the parties

14  are required to submit a Joint Pretrial statement.  That Joint Pretrial statement must be filed seven

15  days before the Final Pretrial Conference hearing date and be e-mailed as a Word document to:

16  dadorders@caed.uscourts.gov.

17      9.  <u>NOTICE OF THIS ORDER</u>

18        Counsel for plaintiff shall immediately serve this order on all parties, including any new

19  parties added to the action in the future, unless this case came to the court by noticed removal, in

20  which case defendant shall serve this order on all other parties.

21  DATED:   April 25, 2022

22

23                   **DALE A. DROZD**
                 **U.S. DISTRICT COURT JUDGE**

24

25

26

27

28

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL GENE MCKINNEY,                    No. 1:22–CV–00475–DAD–EPG

11               Plaintiff(s)                  INFORMATIONAL ORDER

12
                      v.
13

14   FRESNO COUNTY SHERIFF'S OFFICE, ET
     AL.,
15               Defendant(s)

16
17   Parties to this litigation shall take note of the following requirements:

18      In litigating this action, the parties must comply with the Federal Rules of Civil Procedure and the

19   Local Rules of the United States District Court, Eastern District of California ("Local Rules").  This

20   order highlights specific rules of which the parties should take particular note.  **Failure to comply with**

21   **Local Rules, federal rules or a court order, including this order, will be grounds for dismissal,**

22   **entry of default or other appropriate sanctions.**  *See* Local Rule 110; Fed. R. Civ. P. 41(b).

23      1.  Documents intended to be filed with the Court must be mailed to the Clerk of Court.  *See* Local

24   Rule 134(a).  **All documents improperly mailed to a judge's chambers will be stricken from the**

25   **record.**[1]  A document requesting a Court order must be styled as a motion.  *See* Fed. R. Civ. P. 7.

26   /////

27   /////

28      _____
        [1]  When a document is stricken, it becomes a nullity and is not considered by the Court for any purposes.

2.  Each document submitted for filing must include the original signature of the filing party or parties. *See* Local Rule 131; Fed. R. Civ. P. 11(a). **All documents submitted without the required signature(s) will be stricken.** Each separate document must be separately stapled. *See* Local Rule 130. If a document is stapled behind another document, it will not be filed and will not be entered on this Court's docket.

3.  All documents filed with the Court must be submitted with an additional legible conformed copy for the Court's use. *See* Local Rule 133(d)(2). **A document submitted without an extra copy for the Court's use will be stricken.** If the filing party wishes the Court to return a file–stamped copy, he or she must include an additional copy for that purpose (i.e., submit an original and two copies, one for the Court's use and one to be returned). **The Court cannot provide copy or mailing service for a party,** even for an indigent plaintiff proceeding in forma pauperis. Therefore, if the filing party wishes a file–stamped copy returned, the party must also provide an envelope with adequate postage pre–paid. Copies of documents from the Court file may be obtained at the cost of 50 cents per page.

4.  After any defendants have appeared in an action by filing a pleading responsive to the complaint (i.e., an answer or motion to dismiss), all documents filed with the Court must include a certificate of service stating that a copy of the document was served on the opposing party. *See* Local Rule 135; Fed. R. Civ. P. 5. **A document submitted without the required proof of service will be stricken.** Where a party is represented, service on the party's attorney of record constitutes effective service. A sample of a proper proof of service is attached hereto.

5.  All filings must bear the file number assigned to the action, followed by the initials of the District Court Judge and the Magistrate Judge to whom the case is assigned. Where plaintiff simultaneously pursues more than one action, he or she must file separate original documents and the appropriate number of copies in each action to which the document pertains. **Documents submitted listing more than one case number in the caption will be stricken.**

6.  The Court cannot serve as a repository for the parties' evidence. The parties may not file evidence with the Court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). **Evidence improperly submitted to the Court will be stricken and returned to the party.**

1    7. All Court deadlines will be strictly enforced. Requests for time extensions must state the

2    reason the extension is needed and must be filed with the Court before the deadline in question.

3    *See* Local Rule 144.

4    8. A Plaintiff proceeding in propria persona has an affirmative duty to keep the Court and

5    opposing parties informed of his or her current address. If a plaintiff moves and fails to file a notice of

6    change of address, service of Court orders at plaintiff's prior address shall constitute effective notice.

7    *See* Local Rule 182(f). If mail directed to plaintiff is returned by the U.S. Postal Service as

8    undeliverable, the Court will not attempt to remail it. **If the address is not updated within 60 days**

9    **of the mail being returned, the action will be dismissed for failure to prosecute.**

10   *See* Local Rule 183(b).

11   9. Due to the press of business, the Court cannot respond to individual requests for the status of

12   cases. Any such requests will be denied. So long as the parties inform the Court of any address

13   changes in compliance with Local Rule 183(b), the Court will notify the parties of any Court action

14   taken in their case.

15   10. Defendants must reply to the complaint within the time provided by the applicable provisions

16   of Fed. R. Civ. P. 12(a).

17   11. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions

18   concerning discovery, motions pursuant to Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and

19   motions pursuant to Local Rule 110 shall be briefed pursuant to Local Rule 230. Failure to oppose

20   such a motion timely may be deemed a waiver of opposition to the motion.

21   12. At some point in the litigation, one or more defendants may move for summary judgment as to

22   some or all of plaintiff's claims. Pursuant to *Klingele v. Eikenberry*, 849 F.2.d 409 (9th Cir. 1988),

23   plaintiff is advised of the following requirements for opposing a motion for summary judgment made by

24   defendants pursuant to Fed. R. Civ. P. 56. Such a motion is a request for an order for judgment on some

25   or all of plaintiff's claims in favor of defendant(s) without trial. *See* Fed. R. Civ. P. 56(b). Defendant(s)'

26   motion will set forth the facts which defendants contend are not reasonably subject to dispute and that

27   entitle defendant to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

28   /////

1    Plaintiff has the right to oppose a motion for summary judgment. To oppose the motion, plaintiff

2  must show proof of his or her claims. Plaintiff may agree with the facts set forth in defendant(s)' motion

3  but argue that defendant(s) are not entitled to judgment as a matter of law. Plaintiff may show

4  defendant(s)' facts are disputed in one or more of the following ways: (1) plaintiff may rely upon

5  statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has

6  personal knowledge of the matters stated and if plaintiff calls to the Court's attention those parts of the

7  complaint upon which plaintiff relies; (2) plaintiff may also serve and file affidavits or declarations[2]

8  setting forth the facts which plaintiff believes prove plaintiff's claims (the persons who sign the affidavit

9  or declaration must have personal knowledge of the facts stated); (3) plaintiff may also rely upon

10  written records but plaintiff must prove that the records are what plaintiff claims they are;[3] (4) plaintiff

11  may also rely upon all or any part of the transcript of one of more depositions, answers to

12  interrogatories, or admissions obtained in this proceeding. Should plaintiff fail to contradict defendants'

13  motion with affidavits, declarations, or other evidence, defendants' evidence will be taken as truth, and

14  final judgment may be entered without a full trial. *See* Fed. R. Civ. P. 56(e).

15    If there is some good reason why such facts are not available to plaintiff when required to oppose

16  such a motion, the Court will consider a request to postpone considering defendant(s)' motion.

17  *See* Fed. R. Civ. P. 56(f). If plaintiff does not serve and file a request to postpone consideration of

18  defendant(s)' motion or written opposition to the motion, the court may consider plaintiff's failure to

19  act as a waiver of opposition to defendant(s)' motion. Plaintiff's waiver of opposition to defendant(s)'

20  motion may result in the entry of summary judgment against plaintiff.

21  /////

22  /////

23  /////

---

24    [2] An affidavit is a written declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. An

25  unsworn declaration has the same effect as an affidavit, provided that it is dated and signed under the penalty of perjury, as follows: "I declare under penalty of perjury that the forgoing is true and correct."

26  28 U.S.C. §1746. Affidavits and declarations must be made on personal knowledge and must set forth facts as would be admissible in evidence. *See* Fed. R. Civ. P. 56(e).

27

28    [3] Sworn or certified copies of all papers referred to in an affidavit must be attached to the affidavit and served on the opposing party. Local Rule 56(e).

1    13.  A motion supported by affidavits or declarations that are unsigned will be stricken.

2    14.  The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or

3    the Local Rules of Court, may result in the imposition of sanctions including, but not limited to,

4    dismissal of the action or entry of default.

5    IT IS SO ORDERED.

6    DATED: April 25, 2022

7
                                             Erica P. Grosjean
8                                            *UNITED STATES MAGISTRATE JUDGE*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

MICHAEL GENE MCKINNEY ,
        Plaintiff(s) / Petitioner(s),

vs.

FRESNO COUNTY SHERIFF'S OFFICE , ET AL. ,
        Defendant(s) / Respondent(s).

CASE NO:  **1:22–CV–00475–DAD–EPG**

**CONSENT / DECLINE OF U.S.
MAGISTRATE JUDGE JURISDICTION**

---

**IMPORTANT**
**IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF
A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE
SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.**

---

☐   **CONSENT TO JURISDICTION OF UNITED STATES MAGISTRATE JUDGE**

    In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned
hereby voluntarily consents to have a United States Magistrate Judge conduct all further
proceedings in this case, including trial and entry of final judgment, with direct review by
the Ninth Circuit Court of Appeals, in the event an appeal is filed.

Date: _____    Signature: _____

                        Print Name: _____

                                ( ) Plaintiff / Petitioner   ( ) Defendant / Respondent

                        Counsel for_____ *

---

☒   **DECLINE OF JURISDICTION OF UNITED STATES MAGISTRATE JUDGE**

    Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the
availability of a United States Magistrate Judge but hereby declines to consent.

Date: **5/01/2022**    Signature: _____

                      Print Name: **Michael Gene McKinney**

                        (☒) Plaintiff / Petitioner   ( ) Defendant / Respondent

                      Counsel for_____ *

---

***If representing more than one party, counsel must indicate the name of each party responding.**

## NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE

## TO EXERCISE JURISDICTION AND APPEAL INSTRUCTIONS

You are hereby notified in accordance with 28 U.S.C §636(c), F.R.Civ.P.73 and Local Rule 305, the United States Magistrate Judges sitting in Sacramento and Fresno are available to exercise the court's case–dispositive jurisdiction and to conduct any or all case–dispositive proceedings in this action, including motions to dismiss, motions for summary judgment, a jury or non jury trial, and entry of a final judgment. Exercise of this jurisdiction by a Magistrate Judge is however, permitted only if all parties voluntarily consent. You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's case–dispositive jurisdiction from being exercised by a Magistrate Judge.

Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeals for the Ninth Circuit or, where appropriate, for the Federal Circuit in the same manner as an appeal from any other judgment of a District Court.

Whether or not the parties consent pursuant to 28 U.S.C. § 636(c), the assigned Magistrate Judge will hear all motions except those case–dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A).

A copy of the Form for "Consent to / Decline of Jurisdiction of United States Magistrate Judge" is attached hereto for pro per use and attorney information. This form is available in fillable .pdf format on the court's web site at www.caed.uscourts.gov for all attorney ECF filers. This form may be filed through CM/ECF or by pro se litigants at the appropriate Clerk's Office location.

Office of the Clerk
501 I Street, Room 4–200
Sacramento, CA  95814

Office of the Clerk
2500 Tulare Street, Suite 1501
Fresno, CA  93721

# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA
### 501 I STREET, SUITE 15–220
### SACRAMENTO, CA 95814

Chambers of
**KIMBERLY J. MUELLER**
Chief United States District Judge

(916) 930–4260

### Magistrate Judge Consent in Civil Cases: Know Your Rights!

Delay, congestion, uncertainty, and expense are concerns often expressed by civil litigants. These concerns have reached a crisis level in the Eastern District of California.

Despite the population of our District nearly doubling since 1979 and a corresponding tremendous increase in case filings, for the past 40 years our court has only 6 authorized District Judgeship positions. The U.S. Judicial Conference, the policy–making arm of the federal courts, has recommended for decades that Congress authorize between 5 and 11 new judgeships for this court. While the court is doing what it can to ensure Congress is fully informed regarding our current proposed allocation of 5 new judgeships, we cannot at this point say there is a realistic hope of new District Judgeships in the foreseeable future.

Compounding our challenges, while we have welcomed one new District Judge as of December 2021, we continue to have one vacancy among our 6 authorized judgeships. The Sacramento Division has experienced a net loss of one District Judge's services, with Senior District Judge Garland E. Burrell's taking inactive senior status and District Judge Morrison C. England's taking active senior status and reducing his caseload. Our Fresno courthouse has been even harder hit, with former Chief District Judge Lawrence J. O'Neill's taking inactive senior status at the end of January 2020; for nearly two years the Fresno District Court operated with only one active Article III judge to handle all criminal cases and a heavy share of civil cases, and one senior Article III judge who assists the court by taking a half civil caseload. The Eastern District has been significantly congested for many years, consistently carrying average weighted caseloads equal or close to twice the national average for federal trial courts. Given our current more dire circumstances, civil litigants are having to vie for less and less District Judge time and attention. Civil litigants therefore may wish to consider consenting to Magistrate Judge jurisdiction, given that the court has a full complement of experienced Magistrate Judges available to preside to the full extent allowed by law.

The Magistrate Judge consent process can help bring about the "just, speedy, and inexpensive determination" of federal cases. Fed. R. Civ. P. 1. Although their title has changed periodically, Magistrate Judges, as they currently are known, have had a role in the federal courts since passage of the Judiciary Act of 1789. Over time, Congress has expanded and enhanced the position in the interests of maximizing judicial efficiency. Specifically, Magistrate Judges are authorized "to conduct any or all proceedings in a jury or non–jury civil matter and order the entry of judgment in the case" with the consent of the parties. 28 U.S.C. § 636(c). Consent can maximize access to the courts and ease court congestion through effective use of judicial resources. It can provide numerous benefits to litigants including the prospect of an early and firm trial date, when District Judges may not be available to try a civil case given the need to prioritize felony criminal cases.

In civil cases, the assigned Magistrate Judge already is responsible for resolving discovery disputes, deciding other non–dispositive motions and in some instances handling pre–trial proceedings; as a result that judge may be intimately familiar with the case history. Consenting in any civil case allows the Magistrate Judge to decide dispositive motions and preside over trial, and so can avoid the

uncertainty parties may face while waiting for the District Judge to identify time on his or her calendar for trial. Just as with a judgment issued by a District Judge, a judgment issued by a Magistrate Judge to whom the parties in a civil case have consented is appealable directly to the Ninth Circuit Court of Appeals.

As their professional biographies posted on our court's website show, our Magistrate Judges are well–qualified to preside over the cases assigned them. They are experienced, high–caliber judges with diverse experiences in civil and criminal litigation who have been selected on the merits, taking into account their education, experience, knowledge of the court system, personal attributes and other criteria. Our Magistrate Judges are well–qualified to preside over the civil cases brought in our court.

To consent to magistrate judge jurisdiction, a party simply signs and files a consent form. The form is available on the court's website, at this link:

http://www.caed.uscourts.gov/caednew/index.cfm/forms/civil/.

Parties may consent or withhold consent without any adverse consequences. Once all parties to a case consent, then the assigned District Judge is notified and considers whether to approve the consent. Once the District Judge accepts, then the Magistrate Judge determines whether to accept consent jurisdiction, taking the opportunity to consider any conflicts or bases for recusal.

All litigants before the federal courts deserve justice delivered in a fair, prompt, and efficient manner. Our Magistrate Judges play a critical role in providing essential access to justice, particularly in our overburdened court. Consenting to Magistrate Judge jurisdiction in civil cases may represent one of the best ways to secure "just, speedy, and inexpensive determination" of your case, which is why we want to be sure you are fully aware of your right and ability to consent, and the means of doing so.

CHIEF UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  MICHAEL GENE MCKINNEY, | Case No. 1:22-cv-00475-DAD-EPG |
| 12          Plaintiff, | ORDER SETTING MANDATORY SCHEDULING CONFERENCE AND |
| 13      v. | DIRECTING CLERK TO ISSUE NEW CASE DOCUMENTS |
| 14 | |
| 15  FRESNO COUNTY SHERIFF'S OFFICE, et al., | DATE:    August 1, 2022 |
| 16          Defendants. | TIME:    10 A.M. |
| 17 | COURTROOM: #10 (6th Floor) |
| 18 | Telephonic appearances permitted |

19          Plaintiff Michael Gene McKinney proceeds *pro se* in this civil action filed on April 21,

20  2022. (ECF No. 1). With Plaintiff's submission of the $402 filing fee, the Court enters this order

21  setting a mandatory scheduling conference and advising Plaintiff of some of the requirements to

22  progress this case.

23      **New Case Documents**

24          The Clerk of Court is respectfully directed to serve on Plaintiff, along with this Order, the

25  following new case documents: (1) the District Judge's Standing Order; (2) the Magistrate Judge

26  Consent Documents; and (3) the Pro Se Informational Order.

27      **Scheduling Conference**

28
                                               1

1    Rule 16(b)(2) of the Federal Rules of Civil Procedure requires the Court to enter a

2    Scheduling Conference Order within 90 days after any defendant has been served, or 60 days

3    after any defendant has appeared.[1] The Court sets a formal Scheduling Conference before United

4    States Magistrate Judge Erica P. Grosjean on August 1, 2022, at 10 a.m.

5    **Service of Summons and Complaint**

6    The Court is unable to conduct a Scheduling Conference until the Defendant has been

7    served with the summons and complaint. Accordingly, the Plaintiff shall diligently pursue service

8    of the summons and complaint. The Court directs Plaintiff generally to Federal Rule of Civil

9    Procedure 4 for information on how to achieve service. Plaintiff shall promptly file proof of

10   service of the summons and complaint so the Court has a record of service. Fed. R. Civ. P. 4(l).

11   Plaintiff is referred to Rule 4(m), which requires that the complaint be served within 90 days from

12   the date of the filing of the complaint. Plaintiff may move for an extension of the time to

13   complete service if necessary. Failure to timely serve the summons and complaint may result in

14   the imposition of sanctions, including dismissal of the unserved Defendant.

15   Plaintiff shall also serve a copy of this Order and the above-identified new case

16   documents on the Defendant, or, if identified, on their counsel, promptly upon receipt of this

17   Order and the new case documents. Thereafter, Plaintiff shall file an appropriate proof of such

18   service with the Court, in compliance with Rule 135(a) of the Local Rules for the Eastern District

19   of California.

20   **Appearance at Scheduling Conference**

21   Attendance at the Scheduling Conference is *mandatory* for all parties. Trial counsel

22   should participate in this Scheduling Conference whenever possible. To appear telephonically,

23   each party is directed to use the following dial-in number and passcode: 1 (888) 251 – 2909 and

24   passcode 1024453.

25   **Joint Scheduling Report**

26   A Joint Scheduling Report, carefully prepared and executed by all parties, shall be

27

28

---

[1] This order will refer to the parties in the singular regardless of the number of parties listed in the complaint.

2

1  electronically filed in CM/ECF by Defendant, if represented by counsel, one (1) full week prior to

2  the Scheduling Conference and shall also be emailed in Word format to

3  epgorders@caed.uscourts.gov. If neither party is represented by counsel, the joint scheduling

4  report must be mailed to the Clerk of Court by one of the parties. *See* Local Rule 134(a). The

5  Joint Scheduling Report shall indicate the date, time, and courtroom of the Scheduling

6  Conference. This information is to be placed opposite the caption on the first page of the Report.

7      At least twenty (20) days prior to the Mandatory Scheduling Conference, all parties shall

8  conduct a conference at a mutually agreed upon time and place. This should preferably be a

9  personal conference between all parties but a telephonic conference call involving all counsel/*pro*

10  *se* parties is permissible. The Joint Scheduling Report shall contain the following items by

11  corresponding numbered paragraphs:

    1. Summary of the factual and legal contentions set forth in the pleadings of each party, including the relief sought by any party presently before the Court.

    2. Summary of major disputed facts and contentions of law.

    3. The status of all matters which are presently set before the Court, *e.g.*, hearings of motions, *etc.*

    4. *To the extent applicable*, a complete and detailed discovery plan addressing the following issues and proposed dates:

      a. A date for the exchange of initial disclosures required by Fed. R. Civ. P. 26(a)(1) or a statement that disclosures have already been exchanged;

      b. A firm cut-off date for non-expert discovery. When setting this date, the parties are advised that motions to compel must be filed and heard sufficiently in advance of the deadlines so that the Court may grant effective relief within the allotted discovery time. The Court recommends this date be scheduled approximately nine (9) months from the scheduling conference;

      c. A date for a mid–status discovery conference that should be scheduled approximately six (6) months after the scheduling conference, or two (2) months before the non–expert discovery deadline, whichever is earliest;

3

1          d.  A firm date for disclosure of expert witnesses, required by Fed. R. Civ. P. 26(a)(2),

2              rebuttal experts, as well as cut-off for the completion of all expert discovery. The

3              parties shall allow thirty (30) days between each of the expert discovery deadlines;

4          e.  Any proposed changes in the limits on discovery imposed by Fed. R. Civ. P. 26(b);

5              30(a)(2)(A), (B); 30(d); or 33(a);

6          f.  Whether the parties anticipate the need for a protective order relating to the

7              discovery of information relating to a trade secret or other confidential research,

8              development, or commercial information;

9          g.  Any issues or proposals relating to the timing, sequencing, phasing or scheduling

10             of discovery; and

11         h.  Whether the parties anticipate the need to take discovery outside the United States

12             and, if so, a description of the proposed discovery.

13     **<u>Additional Disclosures Related to Electronic Discovery</u>**

14     1.  <u>Discovery Relating to Electronic, Digital and/or Magnetic Data</u>.  Prior to a Fed. R. Civ. P.

15         26(f) conference, counsel should carefully investigate their respective client's information

16         management system so that they are knowledgeable as to its operation, including how

17         information is stored and how it can be retrieved. Counsel shall also conduct a reasonable

18         review of their respective client's computer files to ascertain the contents thereof,

19         including archival and legacy data (outdated formats or media), and disclose in initial

20         discovery (self-executing routine discovery) the computer-based evidence which may be

21         used to support claims or defenses.

22     2.  The parties shall meet and confer regarding the following matters during the Fed. R. Civ.

23         P. 26(f) conference, and address the status of Electronic Discovery and any disagreements

24         in their Statement, including:

25         a.  <u>Preservation</u>: The parties shall attempt to agree on steps the parties will take to

26             segregate and preserve computer-based information in order to avoid accusations

27             of spoliation.

28         b.  <u>Scope of E-mail Discovery</u>: The parties shall attempt to agree as to the scope of e-

4

mail discovery and attempt to agree upon an e-mail search protocol. The parties should seek to agree on search terms, custodians, and date ranges in advance of the Conference so that any disputes can be addressed at the Conference.

c. Inadvertent Production of Privileged Information: The parties should confer regarding procedures for inadvertent production of privileged electronic material, including any obligations to notify the other party, and procedures for bringing any disputes promptly to the Court.

d. Data Restoration: The parties shall confer regarding whether or not restoration of deleted information may be necessary, the extent to which restoration of deleted information is needed, and who will bear the costs of restoration; and the parties shall attempt to agree whether or not back-up data may be necessary, the extent to which backup data is needed and who will bear the cost of obtaining back-up data.

3. Dates agreed to by all parties for:

a. The filing of dispositive motions (except motions *in limine* or other trial motions). The Court suggests this date be forty–five (45) days after the expert discovery deadline.

b. A pre-trial conference date which shall be approximately one hundred sixty days (160) days after the dispositive motion filing deadline.

c. A trial date which shall be approximately sixty (60) days after the proposed pre-trial conference date.

4. The parties are encouraged to discuss settlement and must include a statement in the Joint Scheduling Report as to the possibility of settlement. The parties shall indicate when they desire a settlement conference, *e.g.*, before further discovery, after discovery, after dispositive motions, *etc.* Among other things, the parties will be expected to discuss the possibility of settlement at the Scheduling Conference. Note that, even if settlement negotiations are progressing, the parties are expected to comply with the requirements of this Order unless otherwise excused by the Court. If the entire case is settled, the parties shall promptly inform the Court. In the event of settlement, the parties' presence at the

5

1    conference, as well as the Joint Scheduling Report, will not be required.

2    5.  A statement as to whether the case is a jury trial or non-jury trial case. The parties shall

3        briefly outline their respective positions if there is a disagreement as to whether a jury trial

4        has been timely demanded, or as to whether a jury trial or non-jury trial is available on

5        some or all of the claims.

6    6.  An estimate of the number of trial days required. If the parties cannot agree, each party

7        shall give his or her best estimate.

8    7.  Whether either party requests bifurcation or phasing of trial or has any other suggestion

9        for shortening or expediting discovery, pre-trial motions or trial.

10   8.  Whether this matter is related to any matter pending in this court or any other court,

11       including bankruptcy court.

12   **Scheduling Order**

13       Following the Scheduling Conference, the Court will issue a Scheduling Order with the

14   benefit of the input of the parties. Once issued, the dates in the Scheduling Order shall be firm

15   and no extension shall be given without permission from the Court.

16   **Lack of Participation in the Joint Scheduling Report**

17       If any party fails to participate in the preparation of the Joint Scheduling Report, the non-

18   offending party shall detail the party's effort to get the offending party to participate in the Joint

19   Scheduling Report. The non-offending party shall still file the report one (1) full week prior to the

20   Mandatory Scheduling Conference and shall list the non-offending party's position on the listed

21   issues and proposed dates for a schedule. Absent good cause, the dates proposed by the non-

22   offending party will be presumed to be the dates offered by the parties. The offending party may

23   be subject to sanctions, including monetary sanctions to compensate the non-offending party's

24   time and effort incurred in seeking compliance with this Scheduling Order.

25   **Important Chambers' Information**

26       The parties are directed to the Court's website at www.caed.uscourts.gov under **Judges;**

27   **Grosjean (EPG); Standard Information (in the area entitled "Case Management**

28   **Procedures")** for specific information regarding Chambers' procedures. Information about law

6

1 | and motion, scheduling conferences, telephonic appearances, and discovery disputes is provided
2 | at this link.
3 | **Sanctions for Failure to Comply**
4 | Should counsel or a party appearing *pro se* fail to appear at the Mandatory Scheduling
5 | Conference or fail to comply with the directions as set forth above, an *ex parte* hearing may be
6 | held and contempt sanctions, including monetary sanctions, dismissal, default, or other
7 | appropriate judgment, may be imposed and/or ordered.
8 |
9 | IT IS SO ORDERED.
10 | Dated:  **April 25, 2022**          /s/ *Erica P. Grosjean*
11 |                                UNITED STATES MAGISTRATE JUDGE

7

MIME-Version:1.0 From:caed_cmecf_helpdesk@caed.uscourts.gov To:CourtMail@localhost.localdomain
Michael Gene McKinney
4397 N. Valentine Avenue
Fresno CA 93722
US
--Case Participants: Magistrate Judge Erica P. Grosjean (aredner@caed.uscourts.gov,
egrosjean@caed.uscourts.gov, jlee@caed.uscourts.gov, mbillman@caed.uscourts.gov,
mrooney@caed.uscourts.gov, ssmith@caed.uscourts.gov), District Judge Dale A. Drozd
(caed_cmecf_dad@caed.uscourts.gov)
--Non Case Participants:
--No Notice Sent:
Message-Id: Subject:Activity in Case 1:22-cv-00475-DAD-EPG McKinney v. Fresno County Sheriff's
Office et al Summons. Content-Type: text/html

*This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this
e-mail because the mail box is unattended.*
***NOTE TO PUBLIC ACCESS USERS*** *Judicial Conference of the United States policy permits
attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all
documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees
apply to all other users. To avoid later charges, download a copy of each document during this first
viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.*

### U.S. District Court

### *Eastern District of California - Live System*

**Notice of Electronic Filing**

The following transaction was entered on 4/25/2022 at 11:46 AM PDT and filed on 4/25/2022

*Case Name:*        McKinney v. Fresno County Sheriff's Office et al
*Case Number:*      1:22-cv-00475-DAD-EPG
*Filer:*
*Document Number:* 2
*Docket Text:*
  **SUMMONS ISSUED as to \*Fresno County Sheriff's Office, Ryan Hushaw, Margaret Mims\***
**with answer to complaint due within \*21\* days. Attorney \*Michael Gene McKinney\* \*4397 N.**
**Valentine Avenue\* \*Fresno, CA 93722\*. (Maldonado, C)**

**1:22-cv-00475-DAD-EPG Notice has been electronically mailed to:**

**1:22-cv-00475-DAD-EPG Electronically filed documents must be served conventionally by the filer**
**to:**
Michael Gene McKinney
4397 N. Valentine Avenue
Fresno CA 93722
US

MIME–Version:1.0 From:caed_cmecf_helpdesk@caed.uscourts.gov To:CourtMail@localhost.localdomain
Michael Gene McKinney
4397 N. Valentine Avenue
Fresno CA 93722
US
––Case Participants: District Judge Dale A. Drozd (caed_cmecf_dad@caed.uscourts.gov), Magistrate Judge
Erica P. Grosjean (aredner@caed.uscourts.gov, egrosjean@caed.uscourts.gov, jlee@caed.uscourts.gov,
mbillman@caed.uscourts.gov, mrooney@caed.uscourts.gov, ssmith@caed.uscourts.gov)
––Non Case Participants:
––No Notice Sent:
Message–Id: Subject:Activity in Case 1:22–cv–00475–DAD–EPG McKinney v. Fresno County Sheriff's
Office et al Civil New Case Documents for DAD. Content–Type: text/html

*This is an automatic e–mail message generated by the CM/ECF system. Please DO NOT RESPOND to this
e–mail because the mail box is unattended.*
***NOTE TO PUBLIC ACCESS USERS*** *Judicial Conference of the United States policy permits
attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all
documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees
apply to all other users. To avoid later charges, download a copy of each document during this first
viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.*

### U.S. District Court

### Eastern District of California – Live System

**Notice of Electronic Filing**

The following transaction was entered on 4/25/2022 at 11:47 AM PDT and filed on 4/25/2022

| | |
|---|---|
| *Case Name:* | McKinney v. Fresno County Sheriff's Office et al |
| *Case Number:* | 1:22–cv–00475–DAD–EPG |
| *Filer:* | |
| *Document Number:* 3 | |

*Docket Text:*
 CIVIL NEW CASE DOCUMENTS ISSUED; Initial Scheduling Conference set for 8/1/2022 at
10:00 AM in Courtroom 10 (EPG) before Magistrate Judge Erica P. Grosjean. (Maldonado, C)

1:22–cv–00475–DAD–EPG Notice has been electronically mailed to:

1:22–cv–00475–DAD–EPG Electronically filed documents must be served conventionally by the filer
to:
Michael Gene McKinney
4397 N. Valentine Avenue
Fresno CA 93722
US

(Sample Proof of Service – To Be Attached to All Documents Submitted to the Court)

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

_____

v.

_____        Case Number: _____

_____/        **PROOF OF SERVICE**
                                         **BY MAIL**


    I hereby certify that on _____, I served a copy

of the attached _____,

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by

depositing said envelope in the United States Mail at _____ :

**(List Name and Address of Each**

**Defendant or Attorney Served)**




I declare under penalty of perjury that the foregoing is true and correct.


                                         _____

                                         (Name of Person Completing Service)

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me (1) | DATE |
| NAME OF SERVER (*PRINT*) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of bode with a person of suitable age and discretion then residing therein.

☐ Name of person with whom the summons and complaint were left:_____

☐ Returned unexecuted:_____

_____

_____

☐ Other (specify) :_____

_____

_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                        Date                              *Signature of Server*

                                                          _____
                                                          *Address of Server*