1  DANIEL C. CEDERBORG
     County Counsel – State Bar No. 124260
2  CAVAN M. COX II
     Deputy County Counsel – State Bar No. 266793
3  FRESNO COUNTY COUNSEL
4  2220 Tulare Street, 5th Floor
   Fresno, California  93721
5  Telephone: (559) 600-3479
   Facsimile: (559) 600-3480
6  Email: cacox@fresnocountyca.gov
7
   Attorneys for Defendants,
8  Fresno County Sheriff's Office,
   Fresno County Sheriff Margaret Mims, and
9  Fresno County Sheriff's Captain Ryan Hushaw
10

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN GENE MCKINNEY,<br><br>                    Petitioner,<br><br>       v.<br><br>FRESNO COUNTY SHERIFF'S OFFICE; and FRESNO COUNTY SHERIFF MARGARET MIMS; and FRESNO COUNTY SHERIFF'S CAPTAIN RYAN HUSHAW,<br><br>                    Defendants. | Case No. 1:22-cv-00475 DAD-EPG<br><br>**NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT**<br><br>Date:  July 15, 2022<br>Time:  10:00 a.m.<br>Crtrm: 5<br>Judge: Hon. Dale A. Drozd |

**NOTICE OF MOTION AND MOTION TO DISMISS**

**TO PLAINTIFF MICHAEL GENE MCKINNEY AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on July 15, 2022, at 10:00 a.m. in Courtroom 5 of the United States District Court of the Eastern District of California, located at 2500 Tulare Street, Sixth Floor, Fresno, California 93721, Defendants Fresno County Sheriff's Office, Fresno

County Sheriff Margaret Mims, and Fresno County Sheriff's Captain Ryan Hushaw will appear and move the Court pursuant to Fed. R. Civ. P. 12(b)(5) and (6) for an order dismissing Plaintiff Michael Gene McKinney's Complaint (ECF No. 1) for insufficient service of process, and for failure to state a claim for which relief can be granted.

    This motion is based on this notice of motion and motion, the memorandum of points and authorities below, the declarations of Mitchell Jimenez and Ryan Hushaw, documents filed in this action, and the arguments that may be presented at the hearing on this Motion, and any other matters the Court deems relevant.

Dated: June 2, 2022　　　　　　　　　　Respectfully submitted,

                                          DANIEL C. CEDERBORG
                                        County Counsel

                                        /s/ Cavan M. Cox II
By:   _____
       Cavan M. Cox II, Deputy County Counsel
       Attorneys for Defendants,
       Fresno County Sheriff's Office
       Fresno County Sheriff Margaret Mims
       Fresno County Sheriff's Captain Ryan Hushaw

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Michael Gene McKinney (hereafter "McKinney") alleges that he applied for a permit to carry a concealed weapon (hereafter "CCW permit" or "a CCW") in Fresno County. According to McKinney, the Fresno County Sheriff denied his application, permitted him to appeal the decision, and then denied his appeal without allowing him sufficient opportunity to participate in the process. Dissatisfied with the Sheriff's appellate procedures, McKinney filed suit in federal court. After filing the complaint, McKinney filed a proof of service claiming to have secured personal service of the summons and complaint on "each and all" of the defendants. A copy of the summons and complaint was dropped off at the window of the main lobby of the Fresno County Sheriff's Department, but no individual defendant was personally served with the summons and complaint. McKinney's efforts at service were insufficient under both federal and state rules, as to all three defendants, so he has not secured the court's personal jurisdiction over the defendants, and the complaint should be dismissed.

However, even if McKinney had properly served the summons and complaint, he has failed to state a claim for which relief can be granted. McKinney alleges that his due process rights were violated but does not allege a substantive right that was violated, or what process he was entitled to. McKinney does not assert that he has a substantive right to a CCW permit, or that his appeal of the Sheriff's decision must be granted. He does not assert that he has any liberty or property interest in receiving a CCW permit, or even that he has unilateral expectation of receiving one. Rather he complains only that the Sheriff's appeal procedure is unfair. Because there is no federal due process interest in a California CCW, McKinney cannot state a federal due process claim sufficiently to obtain relief. The complaint should be dismissed with prejudice because even if McKinney is offered to opportunity to amend, he cannot state a sufficient claim on the circumstances presented in this case.

//
//
//

## II. FACTUAL AND PROCEDURAL HISTORY

On April 21, 2022, McKinney filed a complaint in this Court, alleging that the Fresno County Sheriff's Office, Fresno County Sheriff Margaret Mims ("Mims"), and Fresno County Sheriff's Captain Ryan Hushaw ("Hushaw") (hereafter, collectively, "Defendants," each a "Defendant") deprived McKinney of due process by not allowing him to participate in his appeal of the Fresno County Sheriff's decision to deny McKinney's application for a CCW permit. (ECF No. 1.) McKinney asserts that this Court has jurisdiction because his due process rights under the United States Constitution have been implicated. (ECF No. 1.)

According to his complaint, in 2018, McKinney applied for a CCW permit, but his application was denied because of his criminal history and psychiatric profile. (ECF No. 1.) On or about September 30, 2021, McKinney applied again, and on January 10, 2022, his application was again denied. (ECF No. 1.) The second denial cited McKinney's criminal history and moral character. (ECF No. 1.) McKinney filed a written request to appeal the second denial and was told he could do so by mailing an appeal request to the Captain of the CCW unit. (ECF No. 1.) On February 22, 2022, McKinney mailed a request to appeal the denial. (ECF No. 1.) In late March 2022, a person claiming to be an employee of the CCW unit called McKinney and informed him that McKinney's appeal had been denied. (ECF No. 1.) McKinney mailed a letter to the administrative Captain at the CCW unit, notifying them that a phone call or email would not suffice as a formal denial. (ECF No. 1.)

For his remedy, McKinney asks that this Court order Defendants to implement a fairer appeals process for denial of CCW permits, order that McKinney be allowed to participate in the new process, award monetary damages and costs, and order any further relief as the Court deems appropriate. (ECF No. 1.)

On April 12, 2022, the Court assigned the matter a case number, and provided McKinney with a packet of documents to be served on each defendant. On May 12, 2022, McKinney filed a proof of service, claiming that he personally served each Defendant. (ECF No. 4.) A status conference is currently set for August 1, 2022, at 10:10 a.m.

## III. LEGAL ARGUMENT

### A. Rule 12(b)(5): Insufficient Service

McKinney filed a proof of service asserting that each Defendant had been personally served, at the address 2200 Fresno Street, Fresno CA, 93721. (ECF No. 4.) A single copy of the complaint and summons was dropped off at the main public lobby of the Sheriff's Department headquarters, located at that address, by a man and a woman who did not identify themselves, but were presumably McKinney and his process server. Service in this manner does not comply with either federal or state rules and is therefore insufficient under Rule 4.

#### 1. Legal principles related to service of summons

"A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under the terms of [Rule 4]." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc*., 840 F.2d 685, 688 (9th Cir. 1988); see S.E.C. v. Ross, 504 F.3d 1130, 1140-1141 (9th Cir. 2007). "The plaintiff is responsible for having the summons and complaint served." Fed. R. Civ. P. 4(c)(1). Although compliance with federal service rules are generally to be construed liberally, "substantial compliance" is still required, and without it "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Direct Mail,* 840 F.2d at 688, quoting *Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir. 1986).

Federal Rule of Civil Procedure 12(b)(5) authorizes a court to dismiss an action or quash the service thereof for insufficient service of process. Once service is challenged, the plaintiff bears the burden of establishing that service was valid under Rule 4. *Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir. 2004). If the plaintiff fails to satisfy this burden, the Court has discretion to either dismiss the action or retain the action and quash the service of process. *Stevens v. Sec. Pac. Nat. Bank,* 538 F.2d 1387, 1389 (9th Cir. 1976).

#### 2. Leaving the summons at the Sheriff Department's front desk with an employee who is not authorized to accept service is not sufficient under Rule 4

McKinney filed a proof of service in which Debra Foltz (hereafter "Foltz") declared under penalty of perjury that that Foltz served the complaint and summons by "personal service" on "each an all above." (ECF No. 4.) The proof of service lists Fresno County Sheriff's Office,

Margart [sic.] Mims, Ryan Hushaw, and the address 2200 Fresno Street, Fresno, California 93721. (ECF No. 4.)

Although Foltz purports to have personally served the Fresno County Sheriff's Office, Mims, and Hushaw, in fact Foltz dropped off a single copy of the summons and complaint in a manila envelope with a Sheriff's Department employee at the window of the general public lobby of the Sheriff's Department. (Dec. of M. Jimenez, ¶ 6; Dec of R. Hushaw, ¶ 6.) The envelope was sealed, addressed only to Hushaw, and not labeled to identify it as legal documents. (Dec. of M. Jimenez, ¶ 6.) The person with whom Foltz left the complaint, Mitchell Jimenez (hereafter, "Jimenez"), was not authorized to accept service on behalf of any of the defendants and said as much when Foltz mentioned "serving" paperwork. (Dec. of M. Jimenez, ¶ 6.) Because the envelope did not specify that it was legal paperwork, and because it was addressed to executive staff, Jimenez did not open it, and instead left it in a general drop box for Hushaw. (Dec. of M. Jimenez, ¶ 6.) Eventually, other administrative staff opened the envelope and brought its contents to Hushaw's attention. (Dec. R. Hushaw, ¶ 6.) Jimenez was not authorized to accept service on behalf of either Mims or Hushaw. (Dec. of M. Jimenez, ¶ 4; Dec. of R, Hushaw, ¶ 8.) Finally, the Sheriff's Department main lobby at 2200 Fresno St., Fresno, CA 93721 is not a dwelling or abode or place that people reside. (Dec. of R. Hushaw, ¶ 4.)

### 3. Service was insufficient as to individual defendants Mims and Hushaw

For an individual, service may be accomplished three ways. First, by following the service rules of the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Alternatively, service is proper by "delivering a copy of the summons and of the complaint to the individual personally," or by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or by "delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Under California law, service may be accomplished by delivering a copy of the complaint and summons to the defendant personally, or to an authorized agent. Cal. Code. Civ. Pro. § 416.90. Although a plaintiff's proof of service is

ordinarily sufficient on its face, if service is challenged it is the plaintiff's burden to prove that service was proper. See *Koulkina v. City of New York,* 559 F. Supp. 2d 300, 311 (S.D. N.Y.); *Cooper v. Connecticut Public Defender's Office,* 480 F.Supp. 2d 536, 538 n.1.

As to the two individual defendants, Mims and Hushaw, the proof of service states that "personal service" was accomplished at 2200 Fresno St., Fresno, CA 93721, as to "each and all above." (ECF No. 4.) But dropping off a single copy of the summons and complaint with an employee at the main public lobby of the Sheriff's Department is not delivering it to those defendants "personally." The proof of service gives no indication that the summons and complaint were left with an authorized agent, and Jimenez has expressly declared that he was not authorized to accept service on behalf of any defendant in this matter. (Dec. M. Jimenez, ¶ 4.) So McKinney cannot rely on the premise that he served an agent authorized to receive process. See *Nelson v. Swift*, 271 F2d 504, 505 (DC Cir. 1959) [actual authority required].

Moreover, the address specified by the proof of service is the headquarters of the Fresno Sheriff's Department, but the Sheriff's Department is neither a "dwelling" not a "place of abode." (Dec. R. Hushaw, ¶ 4.) Although McKinney filed a proof of service broadly concluding that Foltz had personally served Mims and Hushaw, Hushaw has declared that he was not personally served. (Dec. of R. Hushaw, ¶ 7.) Mims could not have been personally served because the Sheriff's Department headquarters, where the proof of service says personal service was accomplished, is a secured building where only the lobby is accessible to the public. (Dec. of R. Hushaw, ¶ 3; Dec. of M. Jimenez, ¶ 5.) Jimenez personally observed the individuals who delivered the manila envelope containing the complaint and summons, and they did not enter the secured portion of the building. (Dec. of M. Jimenez, ¶ 6.) Neither did they serve Mims in the main public lobby. (Dec. of M. Jimenez, ¶ 6.) Additionally, McKinney did not provide a copy of the summons and complaint to Mims, but rather only a single copy to Hushaw, so McKinney never furnished a copy of the summons and complaint to Mims at all. For these reasons, McKinney has not served, personally or otherwise, either Hushaw or Mims, under either federal or California rules.

Consequently, the complaint should be dismissed as to Mims and Hushaw as individuals sued in their official capacity.

### 4. Service was insufficient as to the Fresno County Sheriff's Office

A state or local government may be served by either "delivering a copy of the summons and of the complaint to its chief executive officer" or by "serving a copy of [the summons and complaint] in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. Pro. 4(j)(2)(A)-(B).  Under California law, "summons may be served on a public entity by delivering a copy of the summons and the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." Cal. Code. Civ. Proc. § 416.50(a).  The County of Fresno is a public entity, namely a political subdivision of the State of California.  Cal. Civ. Proc. Code § 416.50(b) [a public entity includes a county]; Cal. Gov. Code, § 23000.  The governing body of the County of Fresno is the Board of Supervisors. Cal. Gov. Code, § 23005.  The Fresno County Sheriff's Office is not a legal entity, but the Fresno County Sheriff is an elected official and part of the County of Fresno.[1] Cal. Const., art. XI, § 1(b); Cal. Gov. Code, § 24000(b).  A county Sheriff is the only official with the authority to issue CCW permits.  Cal. Pen. Code, § 26150.[2]

In her capacity as the elected Fresno County Sheriff, Margaret Mims is the "chief executive officer" of the Sheriff's Department within the meaning of Rule 4, and also the "president or presiding officer" of the Department for the purposes of service of process under California law. McKinney's proof of service provides no details about how "personal service" was accomplished, such as the name or description of the person to whom the documents were delivered.  It does specifically represent that process was not mailed, as the portion relating to service by mail has been crossed out and the words "personal service" written next to it.  (ECF

---

[1]    However phrased, a claim against the Fresno County Sheriff's Office is effectively a claim against whoever the current County Sheriff is, in that person's official capacity as Sheriff.

[2]    To the extent McKinney seeks an order to change how the Fresno County Sheriff conducts appeals for denied CCW permits, Margaret Mims, in her official capacity as the Fresno County Sheriff, is the only official with that authority. Cal. Pen. Code, § 26150.

No. 4.) However, based upon the declarations of Jimenez and Hushaw, it is clear that McKinney delivered the summons and complaint to the main lobby of the Sheriff's Department headquarters, and left them with Jimenez, who was not authorized to accept service, and said so. (Dec. of M. Jimenez, ¶ 6.) Delivery of the summons and complaint to the front desk of an organization and leaving with a person who is not authorized to accept service is not a method authorized by Rule 4.

While not the only way, or necessarily the best way, to serve the Fresno County Sheriff, McKinney elected to pursue personal service. To serve the Fresno County Sheriff personally, as represented in McKinney's proof of service, Foltz would have to have delivered the summons and complaint to Margaret Mims, in person, or deliver it to someone actually authorized to accept service on behalf of the Sheriff. See *Hupp v. San Diego Cnty. Dist. Atty.*, No. 12-CV-492-IEG RBB, 2012 WL 2887229, at *3 (S.D. Cal. July 12, 2012); Fed. R. Civ. P. 4(j)(2); Cal. Code Civ. P. § 416.50(a). Neither of those things happened. McKinney's proof of service specifically, and only, asserts that he obtained personal service. Although service rules are not necessarily intuitive, and McKinney is not an attorney, he still must abide by procedural rules. See *Albra v. Advan, Inc.,* 490 F.3d 826, 829 (11th Cir. 2007); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). McKinney does not appear to have made any serious effort to comply with those rules, rather he appears to have simply become frustrated after a single effort on a single day and elected to leave the complaint and summons where he deemed appropriate. But not only did McKinney fail to correctly serve the complaint and summons, he also filed a Proof of Service with this Court representing that he secured "personal service" on "each and all" of the defendants (ECF No. 4) when he must have known that was false, because he had only delivered one copy of the complaint and summons to the main lobby of the Fresno Sheriff's Department headquarters, and had not delivered it personally to either of the two individually named defendants.

Because McKinney has failed to lawfully serve any defendant in this case, the complaint should be dismissed. Alternatively, the Court may retain jurisdiction and to quash the proof of service.

### B. Rule 12(b)(6): McKinney has failed to state a claim for which relief can be granted

McKinney's complaint, at base, is that the Fresno County Sheriff's appeals process for individuals whose CCW applications have been denied is unfair. Although he attempts to frame this as a due process claim, both state and federal courts have consistently rejected the idea that individuals in California have any procedural due process right at all with regard to CCW permits. For this reason, McKinney has not stated, and cannot state, a claim for which relief can be granted.

### 1. Legal principles applicable to a Rule 12(b)(6) motion to dismiss

A complaint may be dismissed pursuant to Rule 12(b)(6) if it fails to contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint may be dismissed either for failing to state a cognizable legal theory, or for failing to plead sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept the allegations of the complaint as true. *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976). The court must construe the pleading in the light most favorable to the party opposing the motion. *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Pro se pleadings are held to a less stringent standard than those drafted by

lawyers. *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994).

### 2. McKinney has no procedural due process right to a CCW permit

McKinney asserts that defendants have violated his "due process" rights by "not allowing his participation in the appeal." (ECF No. 1.) He does not assert a substantive due process right, either based on the United States Constitution or upon the laws of the United States, so the gravamen of his complaint is procedural due process. Because procedural due process is not implicated by the issuance or denial of a CCW permit, McKinney has failed to state a claim for which relief can be granted.

The procedural due process component of the Fourteenth Amendment protects individuals against the deprivation of liberty or property by the government without due process. *Portman v. County of Santa Clara,* 995 F.2d 898, 904 (9th Cir. 1993). "Property interests protected by the Due Process Clause of the Fourteenth do not arise whenever a person has only 'an abstract need or desire for' or 'unilateral expectation of,' a benefit." *Erdelyi v. O'Brien,* 680 F.2d 61, 63 (9th Cir. 1982).

It is generally illegal to carry a concealed firearm in California. Cal. Pen. Code, § 25400. An exception to the general rule applies to individuals who obtain a license. Cal. Pen. Code, § 25655. A county Sheriff or the head of a municipal police department are authorized by California law to issue CCW permits, but only if the applicant meets certain statutory requirements. Cal Pen. Code, § 26150. At a minimum, the applicant must be of "good moral character," "good cause" must exist for issuance of the license, the applicant must live or work in the issuing county, and the applicant must complete a training course. Cal. Pen. Code, § 26150; *Peruta v. Cnty. of San Diego,* 824 F.3d 919, 926 (9th Cir. 2016).

In California, a county Sheriff is vested with broad discretion whether or not to issue a CCW permit to an applicant who meets the minimum statutory requirements. See e.g. *Nichols v. County of Santa Clara,* 223 Cal.App.3d 1236, 1241 (1990); *Gifford v. City of Los Angeles,* 88 Cal. App. 4th 801, 805 (2001); *Calguns Found., Inc. v. Cnty. of San Mateo,* 218 Cal. App. 4th 661, 670 (2013); *Erdelyi v. O'Brien,* 680 F.2d 61, 63 (9th Cir. 1982); *Louis v. Cnty. of Sacramento*, No. 216CV1074MCEEFBPS, 2017 WL 661954, at *3 (E.D. Cal. Feb. 17, 2017).

Both California and federal courts have consistently rejected claims that denial or revocation of CCWs implicate federal due process. *Ibid.*; see also *Peruta v. Cnty. of San Diego,* 824 F.3d 919, 939 (9th Cir. 2016) ["[b]ecause the Second Amendment does not protect in any degree the right to carry concealed firearms in public, [and] any prohibition or restriction a state may choose to impose on concealed carry—including a requirement of "good cause," however defined—is necessarily allowed by the Amendment"].

McKinney does not assert, and does not have, a right to the issuance of a CCW permit. While McKinney asserts the Sheriff permitted him to file a written appeal to the denial of his license, McKinney had no right to that appeal, and no right to any specific appellate process. McKinney has not been deprived of liberty by the Sheriff's exercise of discretion or by the appellate process the Sheriff utilized to that end. Nor has McKinney's property been taken. California's basic prohibition against carrying concealed firearms, in conjunction with the Sheriff's broad discretion as to whether or not to issue a CCW permit creates a legal environment in which individuals in California have no reasonable expectation of or legally cognizable interest in a CCW permit. See *Erdelyi*, 680 F.2d at 63; *Peruta,* 824 F.3d at 939.

Finally, McKinney has not alleged that me meets the minimum requirements that California law requires for the issuance of a CCW. Cal. Pen. Code, § 26150. California law only provides that "the sheriff of a county may issue a license to that person" if that person proves that the person meets minimum qualifications. Cal. Penal Code, § 26150. Absent proof that McKinney meets the minimum legal requirements for a CCW in California, the Sheriff does not have any discretion at all to issue him a CCW.

McKinney's claims for relief are deficient   as a matter of law and these defects cannot be

cured with further amendments. Thurs, McKinney's complaint must be dismissed without leave to amend.

## IV. CONCLUSION

This action should be dismissed because McKinney failed to serve each defendant, or any defendant, with the summons and complaint in accordance with Fed. R. Civ. P. 4. In the alternative, in its discretion, this Court may retain jurisdiction but should order that service of process be quashed as to each Defendant. Further, this action must be dismissed because no specific appellate process is required by California or federal law with regard to the issue of CCW permits and McKinney fails to articulate a cognizable theory for relief. Because this action is deficient as a matter of law, Defendants' respectfully request this Court dismiss McKinney's complaint without leave to amend.

Dated: June 2, 2022                    Respectfully submitted,

                                                          DANIEL C. CEDERBORG
                                                          County Counsel

                                                          /s/ Cavan M. Cox II
By:                                   
                                                          Cavan M. Cox II. Deputy County Counsel
                                                          Attorneys for Defendants,
                                                          Fresno County Sheriff's Office
                                                          Fresno County Sheriff Margaret Mims
                                                          Fresno County Sheriff's Captain Ryan Hushaw

## CERTIFICATE OF SERVICE

I hereby certify that on this day, June 2, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court through its CM/ECF system, which automatically transmits notifications to, and effects service upon, all counsel subscribed to receive notice of filings in this action.

By: /s/ Vincent Soliz
_____
Vincent Soliz
Paralegal