UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GENE MCKINNEY,<br><br>    Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY SHERIFF'S OFFICE, et al.,<br><br>    Defendants. | Case No.   1:22-cv-00475-ADA-EPG<br><br>ORDER REQUIRING JOINT STATUS REPORT<br><br>(ECF Nos. 5, 9, 14) |

Plaintiff Michael Gene McKinney, proceeding *pro se*, filed this lawsuit on April 21, 2022, against Defendants Fresno County Sheriff's Office, Fresno County Sheriff Margaret Mims, and Fresno County Sheriff's Captain Ryan Hushaw. (ECF No. 1). The complaint alleges that Defendants denied Plaintiff due process when he applied for a concealed carry license.

On June 2, 2022, Defendants filed a motion to dismiss Plaintiff's complaint for insufficient service of process and failure to state a claim for which relief can be granted. (ECF No. 5). This motion was referred to the undersigned on September 12, 2022. (ECF No. 13). Among other arguments, Defendants contend that Plaintiff has failed to allege that he meets California's requirements for a concealed carry license:

> Finally, McKinney has not alleged that me meets the minimum requirements that California law requires for the issuance of a CCW. Cal. Pen. Code, § 26150. California law only provides that "the sheriff of a county may issue a license to that person" if that person proves that the person meets minimum qualifications. Cal. Penal Code, § 26150. Absent proof that McKinney meets the minimum legal

requirements for a CCW in California, the Sheriff does not have any discretion at all to issue him a CCW.

(*Id.* at 12). On June 28, 2022, Plaintiff moved to continue the hearing on the motion to dismiss (although then presiding District Judge Dale A. Drozd had advised the parties that no hearing would be held) stating that Plaintiff intended to obtain counsel. (ECF Nos. 6, 9). This motion remains pending, and no counsel has yet appeared on behalf of Plaintiff.

On September 13, 2022, the parties submitted a joint status report to now presiding District Judge Ana de Alba, noting that they "have stipulated to proper service of the complaint and summons" and "[c]onsequently, argument III.A at pages 5-9 of Defendants' motion to dismiss (ECF No. 5) is moot and no longer requires a ruling from this court." (ECF No. 14, p. 2). Moreover, the parties state that they "intend to see whether any agreement can be reached as to partial resolution of some pending issues" and will confer "within the next two weeks following the filing of [the] Joint Status Report." (*Id.* at 3).

Lastly, the Court notes that Defendants have filed a notice of supplemental authority identifying, without elaboration, *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) as a case that "may be relevant." (ECF No. 10). This filing likely stems from § 26150(a)(2)'s requirement that "[g]ood cause exist[] for the issuance" of a concealed carry license in California. Since the filing of the motion to dismiss, the Supreme Court concluded that New York's "proper-cause requirement violates the Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *Bruen*, 142 S. Ct. at 2156. And the Supreme Court noted that California's § 26150 was an analogous statute to New York's. *Id.* at 2124 n. 2. Regarding the implications of *Bruen*, the Northern District of California has observed as follows:

> The weightiest consideration is that . . . *Bruen* does not prohibit a state from implementing a license requirement to carry a firearm . . . . *Bruen* has simply required California to discontinue application of its discretionary "good cause" requirement in its licensing scheme. 142 S. Ct. at 2162 (Kavanaugh, J., concurring) (observing, "the 6 States including New York [and California] potentially affected by today's decision may continue to require licenses for carrying handguns for self-defense so long as those States employ objective licensing requirements" such as "fingerprinting, a background check, a mental health records check, and training in firearms handling and in laws regarding the use of force"). This, indeed, is what California has done. *See* Legal Alert No.

2

OAG-2022-02, California Department of Justice, Office of the Attorney General (June 24, 2022) (providing guidance to local law enforcement officials about California's licensure requirements post-*Bruen*, including that the "good cause" requirements in Cal. Penal Code §§ 26150(a)(2) and 26155(a)(2) "are inconsistent with the Second and Fourteenth Amendments").

*Dykes, v. Broomfield*, No. 11-CV-04454-SI, 2022 WL 4227241, at *4 (N.D. Cal. Sept. 13, 2022).

Given the circumstances described above, the Court finds it prudent to obtain a joint status report from the parties. Accordingly, IT IS ORDERED as follows:

By no later than October 13, 2022, the parties shall file a joint status report addressing the following topics:

   a. Whether the parties have been able to resolve any more issues in this case that would affect the Court's review of the pending motion to dismiss.
   b. Whether the Court should order briefing on the applicability of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) to this case.
   c. Whether Plaintiff still intends to obtain counsel, and if so, when Plaintiff anticipates doing so.
   d. And, if Defendants intend to proceed on the pending motion to dismiss, the parties shall propose a briefing schedule for Plaintiff's opposition brief and Defendants' reply, if any.

IT IS SO ORDERED.

Dated:  **September 14, 2022**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE