DANIEL C. CEDERBORG
  County Counsel – State Bar No. 124260
CAVAN M. COX II
  Deputy County Counsel – State Bar No. 266793
FRESNO COUNTY COUNSEL
2220 Tulare Street, 5th Floor
Fresno, California   93721
Telephone: (559) 600-3479
Facsimile: (559) 600-3480
Email: cacox@fresnocountyca.gov

Attorneys for Defendants,
Fresno County Sheriff's Office,
Fresno County Sheriff Margaret Mims, and
Fresno County Sheriff's Captain Ryan Hushaw

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RYAN GENE MCKINNEY,<br><br>Petitioner,<br><br>v.<br><br>FRESNO COUNTY SHERIFF'S OFFICE; and<br>FRESNO COUNTY SHERIFF MARGARET MIMS; and<br>FRESNO COUNTY SHERIFF'S CAPTAIN RYAN HUSHAW<br><br>Defendants. | Case No. 1:22-cv-00475 ADA-EPG<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF ON NEW YORK STATE RIFLE & PISTOL ASSOCIATION, INC. V. BRUEN** |

## I. Introduction

On June 3, 2022, Defendants Fresno County Sheriff's Office, Fresno County Sheriff Margaret Mims, and Fresno County Sheriff's Captain Ryan Hushaw (Collectively, "Defendants") filed an amended motion to dismiss the complaint by Plaintiff Ryan Gene McKinney (McKinney).  ECF No. 5, 7.  On September 12, 2022, the pending motion was

assigned to Magistrate Judge Erica P. Grosjean for report and recommendation. ECF No. 13. On September 14, 2022, Magistrate Judge Grosjean ordered the parties to file a Joint Status Report which addressed, among other things, whether supplemental briefing should be ordered as to the impact of the United States Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022) (*Bruen*). ECF No. 15. On October 13, 2022, the parties filed a Joint Status Report. ECF No. 17. Defendants recommended that supplemental briefing be ordered regarding the impact of *Bruen* and the parties proposed a schedule for any such briefing. ECF No. 17. On October 17, 2022, Magistrate Judge Grosjean ordered supplemental briefing on the impact of *Bruen* and set a briefing schedule. ECF No. 18.

*Bruen* does not affect the correct outcome of Defendants' motion to dismiss, but it does affect the reasoning. Prior to *Bruen*, case law held that there was no right to bear arms outside the home, and therefore no due process-level interest in how states regulated possession of firearms outside the home. That changed. But the due process claim at issue here is whether McKinney is entitled to a single, specific procedure—an internal appeal of a denial of his request for a permit to carry a concealed weapon (CCW permit). *Bruen* did not change anything about procedural entitlements. Because the United States Constitution does not require the Fresno County Sheriff to have any specific, internal, administrative appeal process, or even that there be an appeal process, in the issuance of CCW permits, the complaint still fails to state claim for which relief can be granted.

## II. ARGUMENT

After Defendants filed their motion, the United States Supreme Court issued its opinion in *Bruen*. In that opinion, the Supreme Court held that the Second Amendment guarantees an individual's right to carry firearms outside the home for protection. *Bruen* also recognized that state and local governments can regulate that right based on certain, historically based criteria, such as criminal history. *Bruen*, however, is about substantial constitutional rights and McKinney's complaint is about a single, specific procedure. Nothing in *Bruen* imposed procedural requirements upon how state and local governments regulate the concealed carry of firearms in public. Under well-established principles of procedural due process, no

specific procedure is required, and McKinney has failed to state a claim for which relief can be granted.

### A. The Second Amendment guarantees the substantive right to carry firearms outside the home for self-defense

The major holding of *Bruen* is that the Second and Fourteenth Amendments guarantee an individual's right to carry a handgun for self-defense outside the home. *Bruen, supra,* 142 S. Ct. at p. 2122. The *Bruen* majority opinion observed that the Second Amendment is not a "second-class right, subject to an entirely different body of rules the other Bill of Rights guarantees." *Id.* at p. 2156. The majority further observed that "[w]e know of no other constitutional right that an individual may exercise only after demonstrating to government officers some special need." *Ibid.* Based upon those premises, *Bruen* held that "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id.* at pp. 2129–2130. Applying that standard, the Supreme Court found unconstitutional a New York law which flipped the presumption by placing the burden upon individuals to demonstrate special need to carry a concealed firearm outside the home. *Id.* at p. 2156.

Admittedly, *Bruen* rendered invalid some authorities cited by Defendants in the motion to dismiss. Particularly *Peruta v. Cnty. of San Diego*, 824 F.3d 919 (9th Cir. 2016) which held that denial of a CCW could not violate the Second Amendment because there was no right to bear arms outside the home. To the extent it is inconsistent with *Bruen,* Defendants withdraw any argument based on *Peruta*. Defendants also relied on *Erdelyi v. O'Brien*, 680 F.2d 61 (9th Cir. 1982) which found no liberty or property interest in a CCW permit. *Erdelyi* is partly invalidated by *Bruen*, in that individuals do have a constitutionally protected interest in bearing arms outside the home. To the extent *Erdelyi* holds otherwise, Defendants also withdraw any argument on that basis. However, *Erdelyi* is a procedural due process case, and remains valid to the extent it holds that procedural due process requires an interest amounting to a legitimate claim of entitlement. See *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Here the question is whether McKinney has a legitimate claim of entitlement to an internal, administrative

appeal by the Fresno County Sheriff, **not** whether he is entitled to carry firearms outside the home.

### B.  The government can regulate possession of concealed weapons outside the home consistent with this nation's historical tradition of firearm regulation

Although it struck down the New York law at issue, *Bruen* also emphasized that "the Second Amendment is neither a regulatory straightjacket [sic] nor a regulatory blank check." *Bruen, supra,* 142 S.Ct. at p. 2133.  Rather, firearm regulations must be consistent with the intent of the Second Amendment, interpreted historically.  *Id.* at pp. 2132-2133.  Therefore, state and local governments can restrict possession of firearms outside the home in ways "consistent with this Nation's historical tradition of firearm regulation." *Id.* at p. 2126.  A "central inquiry" in this analysis is "whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified."  *Id.* at p. 2133; see *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 767 (2010) (*McDonald*); *District of Columbia v. Heller*, 554 U.S. 570, 599 (2008) (*Heller*).

Although it provided no exhaustive list of what restrictions meet this historical standard, *Bruen* singled out certain familiar criteria as historically based.  For example, *Bruen* repeatedly emphasized the significance of an individual being "law-abiding." *Bruen, supra,* 142 S.Ct. at pp. 2111, 2122, 2131, 2133, 2134, 2138, 2150, 2156.  Justice Kavanaugh's concurring opinion in *Bruen* emphasized that both *Heller* and *McDonald* had already identified "longstanding prohibitions on the possession of firearms by felons and the mentally ill" as well as "laws forbidding the carrying of firearms in sensitive places" and "laws imposing conditions and qualifications on the commercial sale of arms."  *Bruen, supra,* 142 S.Ct. at 2162 (Kavanugh, J., concurring), quoting *Heller, supra,* 554 U.S. at pp. 626–627; see also *McDonald, supra,* 561 U.S. at p. 786.)

**C.  *Bruen* recognized a constitutionally protected interest in the right to bear arms outside the home, subject to historical restrictions, but does not require any specific procedure**

The only source of constitutional right advanced by the complaint at issue here is an unspecified form of "due process." ECF No. 1, ¶ 3. Insofar as *Bruen* recognized a constitutional right, it could bear on a substantive due process claim. But McKinney has, at best, attempted to assert a procedural due process claim, so *Bruen* has no effect.

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff v. McDonnell* (1974) 418 U.S. 539, 558; *County of Sacramento v. Lewis* (1998) 523 U.S. 833, 845. Generally, there are two recognized forms of due process: procedural and substantive. Procedural due process "requires a state to employ fair procedures when depriving a person of a protected interest." *Bauer v. Summey* (D.S.C. 2021) 568 F.Supp.3d 573, 586; see *City of Sacramento v. Lewis, supra,* 523 U.S. at pp. 845–46 (1998). Substantive due process on the other hand "guarantees that a state cannot deprive a person of a protected interest for certain reasons." *Ibid.*

*Bruen* makes clear that the right to possess firearms outside the home for self-defense is a constitutionally protected interest. But McKinney does not allege deprivation of that right. Nor can he. According to the complaint McKinney's CCW application was denied for cause, specifically "Criminal History," "Moral Character," and "Withheld / False Information on Application." ECF No. 1, ¶ 4. The complaint further alleges that McKinney's application had previously been denied due to "criminal history and psychiatric profile." ECF No. 1, ¶ 4. The government's ability to restrict an individual's Second Amendment rights on the basis of criminal history is consistent with this Nation's historic tradition of firearm regulation, as recognized by *Bruen*, *McDonald*, and *Heller*. See *Bruen, supra,* 142 S.Ct. at 2162 (Kavanugh, J., concurring); *Heller, supra,* 554 U.S. at pp. 626–627; *McDonald, supra,* 561 U.S. at p. 786. Even as alleged it is clear that the denial on the basis of McKinney's criminal history is constitutionally acceptable so no substantive due process claim has been articulated.

Rather, what the complaint alleges is that McKinney is entitled to a specific appeal

procedure: "like that prescribed and protected by the judiciary." ECF No. 1, ¶ 5, subd. (a). The complaint is specific in identifying the government action McKinney feels is unconstitutional: the Fresno County Sheriff did not give him a satisfactory chance to appeal its decision to deny McKinney's CCW permit. ECF No. 1, ¶3 - 5.

At the outset, procedural due process must involve a constitutionally protected interest. See *Roth*, *supra,* 408 U.S. at p. 569; *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir.1993); *Shanks v. Dressel,* 540 F.3d 1082, 1090 (9th Cir. 2008). As alleged here, an individual's right to bear arms is *not* the interest at issue. Rather, it is a specific administrative appeals procedure. But there is no constitutionally protected interest in an appeals procedure "like that prescribed and protected by the judiciary." ECF No. 1, ¶ 5, subd. (a). Rather, "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972); *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976).

In determining whether due process requires a specific procedure, the court weighs three factors. "First, the private interest that will be affected by the official action." *Eldridge*, supra, 424 U.S. at pp. 334–335. "Second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." *Ibid.* Third, "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Ibid.*

As to the first factor, the complaint does not describe what special interest individuals have at stake in the specific procedure of an internal administrative appeal. Following *Bruen* it is clear that all individuals have a general interest in their constitutional right to bear arms, but there is no suggestion the Fresno County Sheriff's application process as a whole fails to protect that interest. As to the second factor, the complaint alleges nothing to suggest a more formal appeal to the Fresno County Sheriff would have resulted in a different outcome. The complaint does, however, allege that McKinney's application was denied multiple times, recently, on the basis of his criminal history, psychiatric profile, and failure to provide required information on the application. ECF No. 1, ¶ 4. Those reasons are the type rooted in the historical tradition of

firearm regulation in the United States and are therefore valid. See *Bruen, supra,* 142 S.Ct. at 2162 (Kavanugh, J., concurring); *Heller, supra,* 554 U.S. at pp. 626–627; *McDonald, supra,* 561 U.S. at p. 786. As to the third factor, there can be no doubt that adding a formal appeal involving testimony and rebuttal evidence "like that prescribed and protected by the judiciary" (ECF No. 1, ¶ 5) for every application to carry a concealed weapon would be significant. Under these factors, the complaint here does not allege facts sufficient to show that due process entitles individuals to an internal administrative appeal akin to what courts provide during their application for a CCW permit.

## II. Conclusion

The complaint does not put at issue whether, viewed as a whole, the Fresno County Sheriff's process for reviewing CCW permits fails to comport with the basic components of due process. Rather the complaint attempts to isolate a single aspect of that process—the internal administrative "appeal." But no precedent or law requires that the Fresno County Sheriff have an internal appeal for denial of CCW permits, let alone one on par with that of the courts. Due process requires overall fairness, not specific procedures, so McKinney has not stated a claim for which relief can be granted, either before or after *Bruen*.

Dated: October 28, 2022         Respectfully submitted,

DANIEL C. CEDERBORG
County Counsel

By:  /s/ Cavan M. Cox II
_____
Cavan M. Cox II. Deputy County Counsel
Attorneys for Defendants,
Fresno County Sheriff's Office
Fresno County Sheriff Margaret Mims
Fresno County Sheriff's Captain Ryan Hushaw

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, October 28, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court through its CM/ECF system, which automatically transmits notifications to, and effects service upon, all counsel subscribed to receive notice of filings in this action.

By:

_____
Pa Moua

**PROOF OF SERVICE BY UNITED STATES MAIL**

I, Pa Moua, declare as follows:

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed at the Fresno County Counsel's Office, 2220 Tulare Street, Suite 500, Fresno, California, 93721.

On October 28, 2022, I served a copy of the within:

**DEFENDANTS' SUPPLEMENTAL BRIEF ON NEW YORK STATE RIFLE & PISTOL ASSOCIATION, INC. V. BRUEN**

on the interested parties in said action addressed as follows:

Michael Gene McKinney
4397 N. Valentine Avenue
Fresno, CA 93722
*Pro Per Plaintiff*

X   by placing the document(s) listed above for mailing in the United States mail at Fresno, California, in accordance with my employer's ordinary practice for collection and processing of mail and addressed as set forth above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 28, 2022, at Fresno, California.

Pa Moua
Paralegal