DANIEL C. CEDERBORG
  County Counsel – State Bar No. 124260
CAVAN M. COX II
  Deputy County Counsel – State Bar No. 266793
FRESNO COUNTY COUNSEL
2220 Tulare Street, 5th Floor
Fresno, California   93721
Telephone: (559) 600-3479
Facsimile: (559) 600-3480
Email: cacox@fresnocountyca.gov

Attorneys for Defendants,
Fresno County Sheriff's Office,
Fresno County Sheriff Margaret Mims, and
Fresno County Sheriff's Captain Ryan Hushaw

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN GENE MCKINNEY,<br><br>Petitioner,<br><br>v.<br><br>FRESNO COUNTY SHERIFF'S OFFICE; and<br>FRESNO COUNTY SHERIFF MARGARET MIMS; and<br>FRESNO COUNTY SHERIFF'S CAPTAIN RYAN HUSHAW<br><br>Defendants. | Case No. 1:22-cv-00475 ADA-EPG<br><br>**DEFENDANTS' OBJECTION TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT'S MOTION TO DISMISS**<br><br>**(ECF Nos. 5, 19, 22.)** |

Plaintiff Michael G. McKinney (McKinney) asserts that Defendants violated his due process rights by giving him an inadequate appeal following the denial of his application for a permit to carry a concealed weapon (CCW permit).  But due process does not require any appellate procedure at all, let alone the one described by the complaint.  Additionally, the complaint fails to allege facts which plausibly demonstrate that McKinney has a legitimate claim

1

of entitlement to publicly bear firearms, which is a threshold requirement of procedural due process.  For these reasons, Defendants respectfully object to the recommended ruling, and ask that the complaint be dismissed.

## I.     LEGAL PRINCIPLES RELATED TO PROCEDURAL DUE PROCESS

A procedural due process claim has two elements: "a protectible liberty or property interest" and "a denial of adequate procedural protections."  *Foss v. National Marine Fisheries Service*, 161 F.3d 584, 588 (9th Cir. 1998); *see Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972) (*Roth*).  A liberty interest means "the full range of conduct which the individual is free to pursue." *Bolling v. Sharpe*, 347 U.S. 497, 499–500 (1954).  A property interest means "a legitimate claim of entitlement" as opposed to a "unilateral expectation" or an "abstract need or desire for it."  *Foss*, 161 F.3d at 588, quoting *Roth*, 408 U.S. at 577.

Whether adequate procedural protections secure a protectible liberty or property interest requires weighing three factors.  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) (*Mathews*); *Foss*, 161 F.3d at 589.  "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *Mathews*, 424 U.S. at 335.

## II.  THE INTEREST AT STAKE IS THE RIGHT TO APPEAL, NOT THE RIGHT TO BEAR ARMS

The recommended ruling finds that "the interest at stake is Plaintiff's interest in the right to publicly bear arms."  (ECF No. 22, p. 7, ln. 12-15.)  Defendants urge the Court not to adopt that finding because the complaint specifically alleges that McKinney's due process rights were violated by the lack of an appeal procedure, not that his right to publicly bear arms was violated.  (ECF No. 4, ¶ 3.)

Due process does not entitle individuals to specific procedural protections.  By narrowly and specifically alleging that the appellate function of Defendants' CCW application process

violated McKinney's due process rights, the complaint fails because due process does not require any appeal at all. *Abney v. U. S.*, 431 U.S. 651, 656 (1977) "(it is well settled that there is no constitutional right to an appeal"); *Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 159 (2000); *Griffin v. Illinois*, 351 U.S. 12, 18 (1956) (plurality opinion) ("a State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all"); *M.L.B. v. S.L.J.*, 519 U.S. 102, 131 (1996) (Thomas, J., dissenting) ("…due process does not oblige States to provide for any appeal, even from a criminal conviction.") Rather, "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972); *Mathews,* 424 U.S. at 334. To survive a motion to dismiss, the complaint must therefore allege facts which plausibly demonstrate that this particular situation demands an appeal like that described in the complaint. It does not.

This is not to say that due process never protects appellate rights, only that due process is not the source of those rights. For example, if state law creates a liberty or property interest, due process may protect it. *See e.g. Roth,* 408 U.S. at 577-578; *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985). But here, no other source of law entitles McKinney to an administrative appeal which due process rights may attach to, and the complaint articulates no violation other than the lack of an appeal. It is evident than an appellate procedure—not an underlying right—is at stake because nowhere does the complaint allege that, given a fair appellate procedure, McKinney would be entitled to bear arms in public.[1] Neither does McKinney allege other facts from which it could be plausibly inferred that he is entitled to bear arms in public. Rather, the complaint is replete with allegations about the inadequacy Defendants' appellate procedure. (ECF No. 4, ¶ 3-4.) But the inadequacy of Defendants' appellate procedure, on its own, cannot be a violation of due process unless McKinney is entitled to an appellate procedure in the first place, or unless the lack of an appellate procedure deprived

---

[1] McKinney's failure to allege he is entitled to bear arms in public is relevant only to show what interest the complaint puts at issue. Defendants agree that due process is not subject to outcome driven analysis. (ECF No. 22, p. 9, ln. 8-11.)

1  him of another protected interest.  The complaint alleges only that McKinney was entitled to an

2  appellate procedure, which he is not.

3  **III.    THE  COMPLAINT  DOES  NOT  PLAUSIBLY  DEMONSTRATE  A**

4  **LEGITIMATE CLAIM OF ENTITLEMENT TO PUBLICLY BEAR ARMS**

5        There is no unqualified right to bear arms in public.  State and local governments may

6  regulate the carrying of firearms in public, so long as the regulations are consistent with this

7  nation's historical standards for the regulation of firearms.  *New York State Rifle & Pistol*

8  *Association, Inc. v. Bruen,* 142 S.Ct. 2111, 2132-2133 (2022) (*Bruen*).  As it pertains to CCW

9  permits, the 'big' holding of *Bruen* was that states cannot put the burden on individuals seeking

10  such a permit to establish good cause.  *Id.* at p. 2156.  But good cause is only one requirement,

11  and state and local governments may still impose other requirements.  *Id.* at p. 2126.

12        California law imposes requirements other than good cause.  *See* Cal. Penal Code. §§

13  26150, 26155; *Baird v. Becerra*, No. 2:19-CV-00617-KJM-AC, 2020 WL 5107614, at *1 (E.D.

14  Cal., Aug. 31, 2020) (*Baird*).  A California CCW has four requirements: (1) good moral

15  character; (2) good cause; (3) residency or employment in the issuing county; and (4) completion

16  of a training course.  Cal. Penal Code. § 26150; *Baird,* 2020 WL 5107614, at *1.  Individuals in

17  California who have a CCW permit, or who would have a CCW permit but for the good cause

18  requirement, may have a legitimate claim of entitlement to publicly bear firearms.  But

19  individuals who do not qualify for a CCW permit have no legitimate claim that they are entitled

20  to publicly bear arms.  The complaint here does not allege facts sufficient to plausibly infer

21  which category McKinney falls in to.

22        *Baird*, cited by the recommended ruling in reference to the second procedural due process

23  element, is also instructive as to pleading requirements.  In *Baird* the plaintiff sufficiently pled a

24  procedural due process claim, but there the plaintiff also alleged facts demonstrating that but for

25  the good cause requirement he would be able to publicly bear arms.  *Baird,* 2020 WL 5107614,

26  at *1 ("Plaintiff Baird is a resident of Siskiyou County, a county with less than 200,000

27  residents, who meets all the requirements for a concealed carry or open carry license except, he

28  alleges, the "good cause" requirement.")

Following *Bruen*, McKinney is presumed to have satisfied the good cause requirement. But the complaint alleges no facts regarding the other three requirements, not even facts from which it can be inferred McKinney meets the conditions to publicly bear arms in California. Absent such facts, McKinney has not plausibly demonstrated he has a legitimate claim of entitlement to publicly bear firearms, so he has not pled a cognizable procedural due process violation.

Dated: January 3, 2023                    Respectfully submitted,

                                          DANIEL C. CEDERBORG
                                          County Counsel

                                          /s/ Cavan M. Cox II
                          By:             _____
                                          Cavan M. Cox II. Deputy County Counsel
                                          Attorneys for Defendants,
                                          Fresno County Sheriff's Office
                                          Fresno County Sheriff Margaret Mims
                                          Fresno County Sheriff's Captain Ryan Hushaw

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, January 3, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court through its CM/ECF system, which automatically transmits notifications to, and effects service upon, all counsel subscribed to receive notice of filings in this action.

By:

Pa Moua

DEFENDANTS' OBJECTION TO FINDINGS AND RECOMMENDATIONS, Case No. 1:22-CV-00475 ADA-EPG

1

<u>**PROOF OF SERVICE BY UNITED STATES MAIL**</u>

2

I, Pa Moua, declare as follows:

3

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  I am employed at the Fresno County Counsel's Office, 2220 Tulare Street, Suite 500, Fresno, California, 93721.

4

5

On January 3, 2023, I served a copy of the within:

6

**DEFENDANTS' OBJECTION TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT'S MOTION TO DISMISS**

7

8

on the interested parties in said action addressed as follows:

9

Michael Gene McKinney

10

4397 N. Valentine Avenue
Fresno, CA 93722

11

*Pro Per Plaintiff*

12

**X**     by placing the document(s) listed above for mailing in the United States mail at Fresno, California, in accordance with my employer's ordinary practice for collection and processing of mail and addressed as set forth above.

13

14

15

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 3, 2023, at Fresno, California.

16

17

18

_____

Pa Moua

19

Paralegal

20

21

22

23

24

25

26

27

28