UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GENE MCKINNEY,<br><br>    Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY SHERIFF'S OFFICE, et al.,<br><br>    Defendants. | Case No. 1:22-cv-00475-ADA-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANTS' MOTION TO DISMISS<br><br>(ECF Nos. 5, 19, 22) |

Plaintiff Michael Gene McKinney ("Plaintiff"), proceeding *pro se*, filed a complaint on April 21, 2022, against Defendants Fresno County Sheriff's Office, Fresno County Sheriff Margaret Mims, and Fresno County Sheriff's Captain Ryan Hushaw, alleging that Defendants denied him procedural due process when he applied for a California concealed carry license. (ECF No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 20, 2022, the assigned United States Magistrate Judge issued findings and recommendations, recommending that Defendants' motion to dismiss be denied. (ECF No. 22.) The findings and recommendations were served on the parties and contained notice that any objections were to be filed within fourteen (14) days after service. (*Id.* at 11.) Defendants filed objections on January 3, 2023, and Plaintiff filed a response to the objections on January 18, 2023.

1

(ECF Nos. 23, 24.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Defendants' objections and Plaintiff's response, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

In their objections, Defendants urge the Court to interpret Plaintiff's interest at stake as the right to an appeals process rather than the right to publicly bear arms. (ECF No. 23 at 2.) The Court reminds Defendants that Plaintiff's *pro se* pleadings must be held to a less stringent standard than formal pleadings drafted by lawyers. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Reviewing the complaint in its entirety, the Court finds that Plaintiff asserts a procedural due process claim based on his denial of the right to publicly carry a handgun and his denial of adequate procedural protections of that right. (*See* ECF No. 1.)

Defendants also argue that the complaint does not demonstrate a legitimate claim of entitlement to publicly bear arms because Plaintiff does not allege facts sufficient to plausibly infer that he qualifies for a permit to carry a concealed weapon. (ECF No. 23 at 4.) Defendants largely relies on *Baird v. Becerra*, No. 2:19-cv-00617-KJM-AC, 2020 WL 5107614 (E.D. Cal. Aug. 31, 2020). There, the court denied the defendants' motion to dismiss the plaintiffs' procedural due process claim. *Id.* at *10. Although whether plaintiffs have a constitutionally protected right to open carry was still an open question, the court assumed that the plaintiffs had adequately alleged a deprivation of a constitutionally protected liberty or property interest. *Id.* Furthermore, the court found that even though it was unclear what procedure plaintiffs had been afforded, the court still held that the complaint's general allegations suggest a claim that is based on the lack of a meaningful administrative appeal process available for challenging the denial of the plaintiffs' applications for an open carry license. *Id.* Therefore, the Court finds that Defendant's reliance on *Baird* cuts against their argument to grant their motion to dismiss.

Like *Baird*, Plaintiff alleges that the administrative appeal process for his application for an open carry license lacked procedural due process protections. Unlike *Baird*, the Supreme Court has recognized the "right to carry a handgun for self-defense outside the home." *New York State Rifle*

*& Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2122 (2022).  Whether Plaintiff must satisfy a certain standard set by the State of California to carry a handgun for self-defense is not to be decided at this stage.  Therefore, the Court finds that Plaintiff sufficiently alleges a procedural due process claim and denies Defendants' motion to dismiss.

Accordingly,

1. The findings and recommendations issued on December 20, 2022, (ECF No. 22), are ADOPTED in full;
2. Defendants' motion to dismiss, (ECF Nos. 5, 19), is DENIED; and
3. The matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   June 6, 2023

_____
UNITED STATES DISTRICT JUDGE