DANIEL C. CEDERBORG
  County Counsel – State Bar No. 124260
CAVAN M. COX II
  Deputy County Counsel – State Bar No. 266793
FRESNO COUNTY COUNSEL
2220 Tulare Street, 5th Floor
Fresno, California  93721
Telephone: (559) 600-3479
Facsimile: (559) 600-3480
Email: cacox@fresnocountyca.gov

Attorneys for Defendants,
Fresno County Sheriff's Office,
Fresno County Sheriff Margaret Mims, and
Fresno County Sheriff's Captain Ryan Hushaw

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GENE MCKINNEY,<br><br>    Petitioner,<br><br>v.<br><br>FRESNO COUNTY SHERIFF'S OFFICE; and FRESNO COUNTY SHERIFF MARGARET MIMS; and FRESN COUNTY SHERIFF'S CAPTAIN RYAN HUSHAW<br><br>    Defendants. | Case No. 1:22-cv-00475 ADA-EPG<br><br>**JOINT SCHEDULING CONFERENCE REPORT**<br><br>Date:   August 15, 2023<br>Time:  10:30 a.m.<br>Crtrm: 10<br>Judge: Hon. Erica P. Grosjean |

    On June 26, 2023, this Court issued a minute order directing the parties to contact the Court and select a date for the Joint Scheduling Conference and reminded the parties to submit a Joint Scheduling Conference Report at least 1 week in advance of the selected date.  (ECF No. 28.)  In compliance with the Court's order, and pursuant to Fed. R. Civ. Proc. 16 and 26, the parties submit this Joint Scheduling Conference Report.

**1. Contentions:**

**(a) Plaintiff:**

Plaintiff Michael G. McKinney applied to the Fresno County Sheriff's Office (Sheriff's Office) for a permit to Carry a Concealed Weapon (CCW permit) on September 30, 2021. Margaret Mims was the Sheriff at that time. On January 10, 2022, the Sheriff's Office emailed Plaintiff notifying him that his application denied on the basis of criminal history and moral character. The Sheriff's Office did not elaborate or specify further. On January 11, 2022, Plaintiff mailed a written request to appeal the denial of his CCW permit. The request to appeal was addressed to the Administrative Captain of the CCW unit, which was Ryan Hushaw at that time. On February 17, 2022, the Sheriff's Office mailed Plaintiff advising that his application was denied for withheld / false information and criminal history and stating that Plaintiff could appeal that decision by mail to the administrative Captain of the CCW unit. On February 22, 2022, Plaintiff mailed a formal written request to appeal to the administrative Captain of the CCW unit. In March of 2022, the Sheriff's Office called Plaintiff and advised him that his appeal had been denied.

Plaintiff did not get the opportunity to meaningfully participate in the appeal, review the information which formed the basis of the denial, or rebut that information with testimony or other evidence.

**(b) Defendants:**

Defendants do not dispute that Plaintiff applied for a CCW permit and was denied. Nor do Defendants dispute the approximate dates or Plaintiff's basic timeline of events. Rather, Defendants generally contend that nothing they did, or failed to do, amounted to a violation of Plaintiff's constitutional rights. Defendants specifically contend that Plaintiff was not, and is not, entitled to carry a concealed firearm in public or to a CCW permit. Defendants also contend that Plaintiff was not entitled to any specific appellate process or to an appeal and also that, as a whole, the process by which the Fresno County Sheriff considered and denied Plaintiffs application for a CCW permit was fair, reasonable, and comported with the requirements of Due Process. Finally, Defendants contend that their authority to issue or deny CCW permits is

entirely dependent on California law, which Defendants expect to change substantially in January of 2024.[1] At some time after January 1, 2024, Defendants anticipate that they will contend this case is moot or otherwise non-justiciable.

**2.  Discovery Plan:**

The parties propose the following discovery and pretrial plan:

**(a)  Discovery Scope and Schedule**

The parties do not anticipate any specific discovery disputes at this time. The parties anticipate that Plaintiff's discovery will be centered primarily on why Defendants denied Plaintiff's CCW application and what process they used to make that determination. Defendants' discovery requests will be focused on identifying Plaintiff's specific factual and legal contentions and on his suitability to carry a concealed firearm in public. The parties will meet and confer in good faith regarding any discovery disputes, including the scope of discovery, before seeking intervention of the court.

The parties are requesting not to begin initial disclosures until early 2024, because they anticipate new policies being implemented, including a potential appellate review process, which could be relevant to settlement.

**(b)  Initial Disclosures**

March 15, 2024

**(c)  Non-expert discovery cut-off**

December 16, 2024

**(d)  Expert disclosure**

January 16, 2025

**(e)  Rebuttal / supplemental expert disclosure**

February 17, 2025

**(e)  Expert discovery cut-off**

March 17, 2025

---

[1] As of June 29, 2023, the most recent amended version of the proposed legislation (Senate Bill 2, 2023-2024 regular session, amended) can be found at: https://legiscan.com/CA/text/SB2/id/2832440.

|   |   |   |
|---|---|---|
| (f) | **Dispositive motion deadline** |
| | April 30, 2025 |
| (g) | **Settlement Conference** |
| | At the Court's discretion. |
| (h) | **Status Conference** |
| | At the Court's discretion. |
| (i) | **Pre-trial conference** |
| | At the Court's discretion. |
| (h) | **Jury trial** |
| | At the Court's discretion. |

3. **Possibility of Settlement**

The parties have discussed settlement, including most recently a phone call on August 3, 2023, between Plaintiff and Defense counsel. Plaintiff may be willing to dismiss the case in exchange for a new appeal of the denial of his CCW application, depending on whether the new appeal contains sufficient procedural safeguards. Defendants may also be interested in settlement along these lines and intend to negotiate further with Plaintiff.

4. **Jury or Non-Jury Case and Estimate**

Both parties have requested a jury trial. The parties estimate 2-3 days for trial.

5. **Magistrate Judge Jurisdiction**

Defendants consent to have the case tried by a Magistrate Judge. Plaintiff does not consent to have the case tried by a Magistrate Judge.

6. **Bifurcation or Phasing of Trial**

The parties do not anticipate any need to bifurcate or phase the trial.

7. **Related Matters**

The parties are aware of no related matters.

8. **Other matters**

Defendants have changed the way they review CCW applications following the United States Supreme Court decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142

S.Ct. 2111 (2022) (*Bruen*).  Defendants anticipate changing that process again once California's new legislative scheme for CCW permits is enacted.  Some of those changes will likely address some of the issues raised in Plaintiff's complaint.

Dated: August 7, 2023                             Respectfully submitted,

                                                  DANIEL C. CEDERBORG
                                                  County Counsel


                                                  /s/ Cavan M. Cox II
                                    By:           _____
                                                  Cavan M. Cox II, Deputy County Counsel
                                                  Attorneys for Defendants,
                                                  Fresno County Sheriff's Office
                                                  Fresno County Sheriff Margaret Mims
                                                  Fresno County Sheriff's Captain Ryan Hushaw

                                                  MICHAEL GENE MCKINNEY

                                                  /s/ Michael Gene McKinney
                                    By:           _____
                                                  Plaintiff, Pro Se
                                                  (Typed by Defendants' counsel, with permission)

**PROOF OF SERVICE BY UNITED STATES MAIL**

I, Vincent Soliz, declare as follows:

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed at the Fresno County Counsel's Office, 2220 Tulare Street, Fifth Floor, Fresno, California, 93721.

On August 8, 2023, I served a copy of the within:

**JOINT SCHEDULING CONFERENCE REPORT**

on the interested parties in said action addressed as follows:

Michael Gene McKinney
4397 N. Valentine Avenue
Fresno, CA 93722
*Pro Per Plaintiff*

X    by placing the document(s) listed above for mailing in the United States mail at Fresno, California, in accordance with my employer's ordinary practice for collection and processing of mail and addressed as set forth above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 8, 2023, at Fresno, California.

Vincent Soliz
Litigation Paralegal