UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL GENE MCKINNEY,** | NO. **1:22−CV−00475−KES−EPG** |
| Plaintiff, | STANDING ORDER IN CIVIL CASES |
| v. | |
| **FRESNO COUNTY SHERIFF'S OFFICE, ET AL.,** | |
| Defendant. | |

**I.  LAW AND MOTION**

    **A.  Calendar**

The civil law and motion calendar for District Judge Kirk E. Sherriff is held on designated Mondays at 1:30 p.m. in Courtroom 6 on the 7th floor. All motions shall be noticed for hearing. Hearing dates are <u>not</u> reserved. It is not necessary to clear a date prior to scheduling a civil motion for hearing; however, before filing, parties should review Judge Sherriff's webpage on the Court's website (www.caed.uscourts.gov) for available dates. The parties are required to comply with Local Rule 230 and all other applicable rules and notice requirements with respect to motions. The parties shall indicate in their papers if they wish to submit any motion for decision without oral argument.

Parties requesting to appear at argument by Zoom must email Courtroom Deputy Victoria Gonzales (vgonzales@caed.uscourts.gov) one week prior to the scheduled hearing. If the request

to appear by Zoom is approved, parties appearing by Zoom will receive a Zoom ID number and password for the hearing by email from the courtroom deputy. The Court may elect to submit any motion for decision without oral argument, taking the matter under submission pursuant to Local Rule 230(g), and will so advise the parties by minute order in advance of any noticed hearing date.

In addition to the motions assigned to magistrate judges by Local Rule 302(c), the Court designates the assigned magistrate judge to hear the following motions pursuant to 28 U.S.C. § 636(b)(1):

1. Motions seeking the appointment of a guardian ad litem.
2. Motions to approve minors' compromises.
3. Motions for class certification or decertification pursuant to Federal Rule of Civil Procedure 23.[1]

Such motions shall be noticed for hearing before the assigned magistrate judge. The Court may also refer other motions to the assigned magistrate judge for the issuance of findings and recommendations, by separate order in specific cases.

**B.　Briefing**

All briefs must be submitted using a font of no less than 12 pt. size. Footnotes must be no more than one size smaller than the text size. Moving and opposition briefs and legal memoranda in civil cases shall not exceed 25 pages without prior leave of court. Reply briefs filed by moving parties shall not exceed 15 pages. The Court will grant an application to extend these page limitations only for good cause shown. Briefs that exceed the page limitations without leave of court may not be considered. No supplemental briefs or sur-replies shall be filed without prior leave of court.

**C.　Meet and Confer Requirements**

Prior to filing a motion in a case in which the parties are represented by counsel, counsel shall engage in a pre-filing meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution. Counsel should resolve minor procedural or other non-substantive matters during the meet and confer process so that briefing on motions that proceed to hearing is directed only to those substantive issues requiring resolution by the Court. **A notice of motion shall**

---

[1] Magistrate judges may resolve motions seeking the appointment of a guardian ad litem by way of order, while the other listed motions will be addressed by the issuance of findings and recommendations. *See* 28 U.S.C. § 636(b)(1).

**contain a certification by counsel that meet and confer efforts have been exhausted, with a brief summary of meet and confer efforts.**

### D. Tentative Rulings

Judge Sherriff does not issue tentative rulings.

### E. Proposed Orders

The parties are not required to submit proposed orders with civil motions set for hearing before Judge Sherriff, with the exception that proposed orders shall be submitted with motions for a temporary restraining order and motions for a preliminary injunction. In addition, parties seeking a consent decree shall provide a proposed consent decree, and parties shall submit proposed findings of fact and conclusions of law following a bench trial. Any such required proposed order shall be submitted in compliance with Local Rule 137(b) and emailed in Microsoft Word format to kesorders@caed.uscourts.gov.

### F. Courtesy Copies

Counsel shall deliver to the Clerk's Office at the Robert E. Coyle Federal Courthouse (1st floor) clearly marked courtesy copies of all electronically filed documents that exceed 25 pages (including exhibits and attachments), and conformed courtesy copies of all manually filed documents, by in-person delivery or overnight delivery. Courtesy copies of electronically filed documents shall include the ECF date/page stamp at the top of each page. The parties need not provide courtesy copies of answers or shorter pleadings. The sender shall notify any delivery service that the signature of the recipient is not required.

### G. Discovery Motions

Pursuant to Local Rule 302(c), all discovery motions shall be noticed before the assigned magistrate judge, unless otherwise ordered by the Court.

## II. TROs AND PRELIMINARY INJUNCTIONS

Parties seeking emergency or provisional relief shall comply with Federal Rule of Civil Procedure 65 and Local Rule 231. The Court typically will not rule on any application for a TRO for at least twenty-four (24) hours after the party subject to the requested order has been served; such party may file opposing or responding papers in the interim. The parties shall lodge a courtesy

copy with chambers of all papers relating to proposed TROs and preliminary injunctions, conformed to reflect that they have been filed.

**III.     EX PARTE APPLICATIONS**

Ex parte applications are typically taken under submission by the Court without oral argument, unless otherwise notified. The filer is required to contact the courtroom deputy and the opposing party prior to the filing of the ex parte application to advise that such an application is being made. In addition, the document(s) must indicate whether an opposition will be filed. The filer shall include an affidavit indicating a satisfactory explanation for the following: (1) the need for the issuance of such an order, (2) the inability of the filer to obtain a stipulation for the issuance of such an order from other counsel or parties in the action, and (3) why such request cannot be noticed on the Court's civil law and motion calendar as provided by Local Rule 230.

**IV.     MOTIONS FOR ADMINISTRATIVE RELIEF**

The parties are required to comply with Local Rule 233 when filing miscellaneous administrative matters. As stated in the rule, such matters may include motions to exceed applicable page limitations, requests to shorten time on a motion, requests to extend a response deadline, and requests to alter a briefing schedule. *See* L.R. 233. Parties shall comply with all procedural requirements set forth in Local Rule 233, including that a motion for administrative relief be accompanied by a proposed order. L.R. 233(a).

**V.     SEALING AND REDACTING DOCUMENTS**

No document will be sealed, nor shall a redacted document be filed, without the prior approval of the Court. If a document for which sealing or redaction is sought relates to the record on a motion to be decided by Judge Sherriff, the request to seal or redact should be directed to him and not the assigned magistrate judge. All requests to seal or redact must comply with the requirements of the Federal Rules of Civil Procedure and Local Rule 141 (sealing) or Local Rule 140 (redaction).

Pursuant to Local Rule 141, a Notice of Request to Seal Document(s) must be filed electronically. The Request to Seal, a proposed sealing order (in Word), and all documents covered by the request must be emailed to kesorders@caed.uscourts.gov. If the request is

approved and notice of electronic filing of the sealing order is received, all documents covered by the order must be emailed to approvedsealed@caed.uscourts.gov for filing under seal.

**Protective orders covering the discovery phase shall not govern the filing of sealed or redacted documents on the public docket. The Court will consider only requests to seal or redact filed by the proponent of sealing or redaction.** If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing or redacting, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the Court.

## VI. TRIAL

### A. Pretrial Statements and Final Pretrial Conference

In cases in which Judge Sherriff is conducting the Final Pretrial Conference, the parties are required to submit a <u>Joint</u> Pretrial Statement pursuant to Local Rule 281. The parties' Joint Pretrial Statement must be filed fourteen (14) days before the date set for the Final Pretrial Conference and must also be emailed as a Word document to kesorders@caed.uscourts.gov. **Separate pretrial statements are not permitted unless a party is not represented by counsel.**

The Joint Pretrial Statement must cover all topics detailed in Local Rule 281, with the following clarifications:

(1) The parties must include a neutral joint statement of the case;

(2) All duplicative or overlapping exhibits between parties must be listed as joint exhibits on a joint exhibit list, identified as JX 1, JX 2, etc.;

(3) Plaintiff's exhibits shall be listed numerically, and defendant's exhibits shall be listed alphabetically;

(4) All exhibits must be identified with a reasonable amount of detail (e.g., date, Bates-stamp number, description, estimated page length) so there is no confusion as to what exhibit is identified;

(5) All remaining issues (e.g., claims, affirmative defenses, forms of relief) asserted in the action must be stated under the point of law section or identified as an abandoned issue; and

(6) The parties shall identify motions in limine that they reasonably anticipate filing.

The parties shall not file motions in limine prior to the pretrial conference. Following the pretrial conference, the Court will issue a pretrial order that will set deadlines for the filing of motions in limine, the submission of exhibits, and the filing of other trial-related documents.

### B. Trial Schedule and Courtroom

Trials will be conducted in Courtroom 6 on the 7th floor. Trials will typically begin on Tuesdays at 9:00 a.m. If Monday falls on a federal holiday, then trial will begin on Wednesday at 9:00 a.m.

### C. Audio-Visual Equipment

The courtroom has a variety of audio-visual equipment available to use for trial purposes. Available equipment includes: ELMOs, projectors, plasma screens, assisted listening devices, and laptop connections. Attorneys should arrange through the courtroom deputy a time to meet with court information technology staff prior to trial for training on electronic equipment.

## VII. CONSENT TO MAGISTRATE JURISDICTION

The parties in all civil cases are reminded of their option to consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). The magistrate judges of this court are highly skilled trial judges with extensive experience handling civil consent cases.

## VIII. NOTICE OF THIS ORDER

Counsel for plaintiff shall serve this order immediately on all parties, including any new parties added to the action in the future, unless this case came to the Court by noticed removal, in which case defendant shall serve this order on all other parties. Before taking any action in a case, all parties are encouraged to check Judge Sherriff's page on the website for the Eastern District of California for any changes to this Standing Order or Judge Sherriff's procedures.

**IT IS SO ORDERED.**

DATED: March 14, 2024

**KIRK E. SHERRIFF**
UNITED STATES DISTRICT JUDGE