DANIEL C. CEDERBORG
  County Counsel – State Bar No. 124260
CAVAN M. COX II
  Deputy County Counsel – State Bar No. 266793
FRESNO COUNTY COUNSEL
2220 Tulare Street, 5th Floor
Fresno, California 93721
Telephone: (559) 600-3479
Facsimile: (559) 600-3480
Email: cacox@fresnocountyca.gov

Attorneys for Defendants,
Fresno County Sheriff's Office,
Fresno County Sheriff Margaret Mims, and
Fresno County Sheriff's Captain Ryan Hushaw

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL GENE MCKINNEY,<br><br>              Plaintiff,<br><br>      v.<br><br>FRESNO COUNTY SHERIFF'S OFFICE; and; FRESNO COUNTY SHERIFF MARGARET MIMS; and; FRESNO COUNTY SHERIFF'S CAPTAIN RYAN HUSHAW,<br><br>              Defendants. | Case No. 1:22-cv-00475 KES-EPG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION SUMMARY JUDGMENT**<br><br>Date:  April 25, 2025<br>Time:  10:00 a.m.<br>Crtrm: 10, 6th floor<br><br>Judge: Hon. Kirk E. Sheriff<br><br>(U.S. Magistrate Judge Eric P. Grosjean) |

### I. INTRODUCTION

Plaintiff Michael Gene McKinney (McKinney) filed suit against the Fresno County Sheriff's Office (FSO), former Fresno County Sheriff Margaret Mims (Mims), and Fresno County

Sheriff's Captain Ryan Hushaw (Hushaw), claiming they violated his Due Process rights by the manner in which they denied his application for a permit to carry a concealed weapon (CCW permit) in early 2022.

McKinney seeks prospective and injunctive relief in the form of a court-ordered revision of FSO's policy for reviewing CCW applications, and unspecified monetary compensation. However, effective January 1, 2024, California repealed and replaced its statutory scheme surrounding the issuance of CCW permits, and FSO adopted new policies accordingly. The new statutory scheme and FSO's new policy render McKinney's claims for prospective and injunctive relief moot, depriving the Court of subject matter jurisdiction as to those claims.

Monetary relief is barred by qualified immunity for the individual defendants, and absolute immunity for FSO. In early 2022, there was no clearly established right to a CCW permit, a particular application process, or even to carry a firearm outside the home. In fact, Ninth Circuit precedent affirmatively held there were no such rights. Consequently, Mims and Hushaw in their individual capacities are protected by qualified immunity. Finally, when determining whether to issue a CCW permit, California Sheriffs are an arm of the state and absolutely immune from liability under the Eleventh Amendment.

For the foregoing reasons, McKinney cannot obtain either the monetary compensation or injunctive relief he seeks, the case is moot, and summary judgment should be entered dismissing this case entirely.

## II. STATEMENT OF FACTS

In or around June of 2021, McKinney applied to FSO for a CCW permit. Dec. of Lt. Dunn, ¶ 7. At that time, Margaret Mims was the Sheriff of the County of Fresno, and Ryan Hushaw was a Captain charged with leading the CCW application unit. Dec. of Lt. Dunn, ¶ 7. An FSO investigator interviewed McKinney as part of his application process. Dec. of Lt. Dunn, ¶ 8. FSO also utilized various law enforcement resources and databases to evaluate McKinney's application. Dec. of Lt. Dunn, ¶ 8.

In January of 2022, FSO denied McKinney's application, primarily because in FSO's judgment McKinney failed to demonstrate good moral character. Dec. of Lt. Dunn, ¶ 9-11.

McKinney appealed the denial, but upon further review the elected Sheriff affirmed the decision. Dec. of Lt. Dunn, ¶ 9-11.

On January 1, 2024, California enacted Senate Bill 2 (SB 2), which repealed and replaced California's then-existing statutory scheme related to the issuance of CCW permits. RJN No. 1, Senate Bill 2, 2023-024 Legislative Session.[1] One of the major changes SB 2 brought about was to eliminate the requirement that an applicant demonstrate "good moral character." On November 12, 2024, FSO adopted a final written policy creating new application review procedures, which do not require applicants to demonstrate good moral character. RJN No. 2, FSO Policy No. 207; Dec. of Lt. Dunn, ¶ 14. FSO's current policy is a public record, available on the FSO website.[2] RJN No. 2, FSO Policy No. 207; Dec. of Lt. Dunn, ¶ 14. McKinney is eligible to apply for a CCW permit under the new policy and current California law and current FSO policy and may do so at any time. Dec. of Lt. Dunn, ¶ 18-19.

### III. LEGAL STANDARD FOR SUMMARY JUDGEMENT

Summary judgment is appropriate where a party shows there is no genuine dispute of material fact as to a claim or defense. Fed. R. Civ. P. 56(a). Summary judgment serves to "to isolate and dispose of factually unsupported claims...." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986). Summary judgment is not "a disfavored procedural shortcut," but rather the "principal tool" by which factually insufficient claims or defenses can be disposed of with the need of a full trial. *Id.* at 327. For the purpose of summary judgment, a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is genuine if the evidence is such that a reasonable trier of fact could resolve the dispute in favor of the nonmoving party. *Id.*

In evaluating a motion for summary judgment, the court must "draw all reasonable inferences from the evidence" in favor of the non-movant. *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1150 (9th Cir. 2002). A reasonable inference is one which is supported by

---

[1] Senate Bill 2 is referenced in its entirety to demonstrate the scope of California's revisions to its laws surrounding CCW permits.

[2] FSO Policy No. 207 can be viewed in image format at the following web address: https://publicinfo.fresnosheriff.org/docs/DocView.aspx?id=11151&dbid=0&repo=SheriffPublic

"significant probative evidence" rather than "threadbare conclusory statements." *Barnes v. Arden Mayfair, Inc.*, 759 F.2d 676, 680-81 (9th Cir. 1985). The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. If the movant meets this burden, the burden shifts to the nonmovant to show that a genuine issue of material fact does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see also* Fed. R. Civ. P. 56(c)(1).

In reviewing a motion for summary judgment, "[t]he district judge is not required to comb the record to find some reason to deny a motion for summary judgment." *Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific, triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

## IV. ARGUMENT

McKinney's claims for prospective and injunctive relief are moot because both California law and FSO's policies have been replaced since the filing of this action. Additionally, compensatory damages from FSO are unavailable because when issuing CCW permits, FSO acts as an arm of the state and is immune from suit for monetary damages under the Eleventh Amendment. Additionally, qualified immunity precludes money damages against Defendants Margaret Mimms and Ryan Hushaw, because the rights at issue were not clearly established when McKinney's application was denied. Finally, McKinney's as-applied claims cannot support broad injunctive relief regardless, so to the extent such relief is sought, it should be denied.

**A. The case is moot**

    **1. Rules relating to mootness generally**

"A federal court lacks subject matter jurisdiction when the controversy before it becomes moot." *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

"Subject-matter jurisdiction cannot be forfeited or waived and should be considered when

fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009). "The objection that a federal court lacks subject-matter jurisdiction… may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. Rule Civ. Proc. 12(h)(3).

After the pleadings are closed, a motion to dismiss for lack of subject matter jurisdiction should be brought under either Rule 12(c), Rule 12(h) or a motion for summary judgment under Rule 56. *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004); *see also Jensen v. Knowles*, 621 F.Supp.2d 921, 925 (E.D. Cal. 2008).

**2. The case is presumptively moot because the challenged legislation has been repealed**

The amendment or repeal of challenged legislation generally renders a claim arising under that legislation presumptively moot. *Board of Trustees of Glazing Health and Welfare Trust v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019). The rationale behind this rule is that unlike a private litigant, the government is presumed to act in good faith. *Glazing Health*, 941 F.3d at 1198; *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). Consequently, "the repeal, amendment, or expiration of challenged legislation is generally enough to render a case moot." *Glazing Health*, 941 F.3d at 1198.

McKinney claims he was not afforded due process by FSO as it pertains to his application for a CCW permit. But California law governs both the carrying of firearms in public and the issuance CCW permits. Cal. Pen. Code[3], § 25400; §26150, et seq. The permit itself is a scrap of paper, valuable only because it provides the bearer an exemption from generally applicable California law, so the substance of McKinney's claim arises from California's laws surrounding the carrying of concealed firearms and FSO's policies implementing those laws. Those California laws generally, and particularly § 26150, were repealed and replaced on January 1, 2024. See RJN No. 3, Former section 26150 eff. 1.1.2016 to 12.31.2023; § 26150 (current). And

---

[3] Future statutory references are to the California Penal Code unless otherwise designated.

the FSO has adopted new policies implementing the new laws. Dec. of Lt. Dunn, ¶ 14.

The gravamen of McKinney's complaint challenges a statutory scheme, because there is no cognizable constitutional right to a scrap of paper. The real constitutional interest at stake is McKinney's right to carry a firearm outside the home. *See* ECF No. 25, ln. 10-12. To the extent McKinney claims that right was infringed upon, it was because of how FSO applied California's then-existing CCW laws. But the underlying California law has changed, FSO's policy implementing California law has changed with it, and those changes render McKinney's claim presumptively moot.

### 3. The case is moot because there is no longer an actual controversy

McKinney's claim is also moot because he's already received the proscriptive and injunctive relief he seeks from this Court. He can apply for a CCW permit if he wishes and would be presumptively entitled to it. Should his application be denied, he would be entitled to an appeal in the Superior Court – where he would also be presumptively entitled to the permit and the District Attorney would need to prove otherwise. Failing there, he would be entitled to California's existing writ and review appellate process.

### a. The old California CCW laws and the Sheriff's old CCW policy

In early 2022 when McKinney's application for a CCW permit was denied, it was generally illegal to carry a concealed handgun in California. § 25400. However, a person with a CCW permit was exempted from the general prohibition. California law largely delegated to County Sheriffs the task of determining who should or should not get a CCW permit, subject to the broad requirements that they show "good cause," be of "good moral character," reside or have business in the county, and complete certain training requirements. See RJN No. 3, Former section 26150 eff. 1.1.2016 to 12.31.2023. A key feature of this scheme was that the applicant was presumed *not to be eligible* for a CCW permit and bore the burden of establishing otherwise. *See California Rifle & Pistol Association, Incorporated v. Los Angeles County Sheriff's Department*, 2024 WL 4875390, at *1 (C.D. Cal., Aug. 20, 2024, No. 2:23-CV-10169-SPG-ADS).

Consistent with that scheme, FSO would review CCW permit applicants for training

requirements, good cause, and good moral character. Dec. of Lt. Dunn, ¶ 11. Applications were reviewed by an investigator, who would make a recommendation as to whether a CCW permit should be issued. Dec. of Lt. Dunn, ¶ 9. An Assistant Sheriff would review that recommendation and either approve or deny the permit. Dec. of Lt. Dunn, ¶ 9. If the Assistant Sheriff denied an application, then the applicant would be informed they could appeal the denial. Dec. of Lt. Dunn, ¶ 9. The appeal, if any, was reviewed by the elected Sheriff who would make the final decision. Dec. of Lt. Dunn, ¶ 10.

### b. The new California CCW laws and the Sheriff's new CCW policy

In June of 2022, the United States Supreme Court decided *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), which recognized a Second Amendment right to carry firearms outside the home. California responded by repealing its old CCW laws and enacting new ones "with the goals of establishing a more uniform and effective licensing process throughout California and addressing the implications from the *Bruen* decision." *California Rifle & Pistol Association, Incorporated v. Los Angeles County Sheriff's Department*, 2024 WL 4875390, at *1 (C.D. Cal., Aug. 20, 2024, No. 2:23-CV-10169-SPG-ADS).

Under the new CCW scheme, it remains generally illegal to possess a concealed handgun. § 25400. However, the new laws do away with both the "good cause" and "moral character" requirements entirely. See *People v. Bey*, 2025 WL 209939, at *10, (Cal. Ct. App., Jan. 16, 2025, No. B335964) review filed (Jan. 21, 2025). Under the new scheme the licensing authority shall issue a CCW permit to any applicant, unless that applicant is disqualified. § 26150, subd. (a); § 26155, subd. (a); *Cal. Rifle & Pistol Assoc.*, 2024 WL 4875390, at *1. Disqualifying situations are now specified, rather than lumped into the broad category of moral character. § 26202. Where the old CCW laws were stated broadly and generally, the new rules are comprehensive and specific, comprising and entire chapter of the Penal Code. *See* Cal. Pen. Code, Part 6, Title 4, Division 5, Chapter 4, "License to Carry a Pistol, Revolver, or Other Firearm Capable of Being Concealed upon the Person (§ 26150 to § 26235)."

The new laws provide numerous specific substantive and procedural protections to a CCW applicant. For example, the law now provides that the Sheriff *shall issue* a CCW permit,

to qualified applicants. § 26150, subd. (a); § 26155, subd. (a). If an application is denied, the Sheriff must notify the applicant and "state the reason as to why the determination was made and also inform the applicant that they may request a hearing from a court." § 26206, subd. (a). The Sheriff must also provide the applicant with a standard form which triggers review in the state Superior Court. *Id*.

If a court hearing is sought, the Sheriff must file with the court certain documents upon which it relied in reaching the determination, or a declaration stating the basis. § 26206, subd. (d)(1). The applicant is entitled to copies of the reports upon request. § 26206, subd. (d)(1). Upon request, the applicant has the right to have confidential information discussed in camera, only before the court and relevant parties, unless the court finds it is in the public interest to do otherwise. § 26206, subd. (d)(1).

A hearing must be set within 60 days, with limited continuances permitted, at which the District Attorney bears the burden of proving by preponderance of the evidence that the applicant is not entitled to a CCW permit. § 26206, subd. (d)(2) - (e). Should the applicant lose at that hearing, the applicant would fall into California's existing and well-established procedures for administrative mandate. Cal. Code Civ. Proc., § 1094.5 (applicable to "any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given".)

### c. The new California CCW laws and FSO's new policy render McKinney's claims moot

This Court has found that McKinney's complaint asserts "a procedural due process claim based on his denial of the right to publicly carry a handgun and his denial of adequate procedural protections of that right." ECF No. 25, ln. 10-12. At the time McKinney applied for his CCW permit, California law contained few procedural or substantive protections for a CCW permit applicant. But California repealed those laws and replaced them with a new statutory scheme replete with procedural and substantive protections to the applicant. Because FSO's authority to issue valid CCW permits is derived from California law, FSO adopted a new policy for processing CCW permit applications, consistent with the new laws. Dec. of Lt. Dunn, ¶ 14.

Under the current California CCW permit scheme and FSO's current policies, McKinney is presumptively entitled to a CCW permit, and he is eligible to apply for one under the new rules. § 26150, subd. (a); § 26206, subd. (e); Dec. of Lt. Dunn, ¶ 18-19. Were his application denied, McKinney would be entitled to appeal to the California Superior Court. In the California Superior Court, the District Attorney would bear the burden of proving by a preponderance of the evidence that McKinney is not qualified for a CCW. § 26206, subd. (e). Should he lose in the California Superior Court, he would have recourse the state court of appeals, and then to the California Supreme Court, and so-on through California's existing writs and appeals system.

All the constitutional harms potentially implicated by McKinney's complaint have been addressed by the changes to California law and FSO policy, so his claims are moot to the extent they seek prospective or injunctive relief.

### B. Mims and Hushaw are entitled to qualified immunity

Qualified immunity shields government officials from liability so long as their conduct does not violate clearly established statutory or constitutional rights. *Mullenix v. Luna*, 577 U.S. 7, 11–12 (2015); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). A right is "clearly established" only if every reasonable official would have understood the conduct at issue violated it. *Id*. "Put simply, qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Mullenix*, 577 U.S. at pp. 11–12 quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *see Monzon v. City of Murrieta*, 978 F.3d 1150, 1163 (9th Cir. 2020).

At the time McKinney's application for a CCW was denied, there was no clearly established right to a CCW permit. Nor was there a clearly established right to any particular appeal or process following denial of a CCW permit. There still isn't. Rather, states are still permitted to restrict who may carry a concealed weapon, consistent with sufficiently analogous historical practice. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023); *see NYSR&P Assoc., Inc. v. Bruen*, 597 U.S. at p. 24.

At the time of McKinney's application in this case, Ninth Circuit precedent (now invalidated by *Bruen*) affirmatively stated that there was no such right. *See Peruta v. Cnty. of*

*San Diego*, 824 F.3d 919, 939 (9th Cir. 2016) (denial of a CCW could not violate the Second Amendment because there was no right to bear arms outside the home); *Erdelyi v. O'Brien*, 680 F.2d 61, 63 (9th Cir. 1982) (no cognizable liberty or property interest in a CCW permit). At the time McKinney alleges his rights were violated, there was no clearly established right to carry a handgun outside the home, to a CCW permit, or to any particular procedural protections when applying for one. The individual government official Defendants – Margaret Mims and Ryan Hushaw – are thus protected from civil liability by the doctrine of qualified immunity.

### C. FSO acts as an arm of the state when issuing CCW permits, and is therefore absolutely immune from liability under the Eleventh Amendment

"The Eleventh Amendment provides that '[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.'" *Kohn v. State Bar of California*, 87 F.4th 1021, 1025 (9th Cir. 2023), quoting U.S. Const. amend. XI. Consequently, States are absolutely immune from suit absent their consent, or a valid act of congress unequivocally intended to abrogate that immunity. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54-55 (1996); *see Kohn*, 87 F.4th at p. 1025. "This immunity extends not just to suits in which the state itself is a named party but also to those against an 'arm of the [s]tate.'" *Kohn*, 87 F.4th at p. 1026, quoting *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).

"There is no standard test for determining whether an entity is an arm of the state for purposes of sovereign immunity." *Kohn*, 87 F.4th at p. 1026. The Ninth Circuit examines three factors: "(1) the [s]tate's intent as to the status of the entity, including the functions performed by the entity; (2) the [s]tate's control over the entity; and (3) the entity's overall effects on the state treasury." *Kohn*, 87 F.4th at p. 1030; *Puerto Rico Ports Authority v. Federal Maritime Com'n*, 531 F.3d 868, 873 (D.C. Cir. 2008).

Federal courts have generally found that California Sheriffs "[act] as a representative of the state of California, and not of the County," when making decisions about the issuance of a CCW permit. *Scocca v. Smith*, 912 F.Supp.2d 875, 884 (N.D. Cal. 2012). Consequently, the

Eleventh Amendment generally provides immunity to California Sheriffs for decisions related to the denial of a CCW application. *Id*; accord *Shilling v. County of San Diego*, 2024 WL 4611448, at *3 (S.D. Cal., Oct. 29, 2024, No. 3:24-CV-01047-CAB-DDL); *Samaan v. County of Sacramento*, 2018 WL 4908171, at *6 (E.D. Cal., Oct. 10, 2018, No. 216CV00789KJMCKD); *Nordstrom v. Dean*, 2016 WL 10933077, at *10 (C.D. Cal., Jan. 8, 2016, No. CV157607DMGFFMX).

It is clear from *Scocca* that at the time McKinney alleges constitutional harm—before *Bruen*, before *Kohn*, and before California repealed and replaced its CCW licensing scheme—California Sheriffs were considered an arm of the state for their decisions pertaining to CCW licenses.

It is clearer still that FSO is an arm of the state when making decisions pertaining to CCW permits under current rules. By California law, applications for CCW licenses "shall be uniform throughout the state, upon forms to be prescribed by the Attorney General." § 26175, subd. (a)(1)(A). The California Attorney General "has the sole authority to revise the standard application form for licenses." § 26175, subd. (a)(2). FSO has no discretion at all but to issue a license to a qualified applicant. § 26150, subd. (a). Conversely, FSO has no discretion at all except to deny a license to any disqualified person, and California controls the disqualifying factors. § 26202 (listing circumstances where "an applicant shall be deemed to be a disqualified person and cannot receive or renew a license.")

If FSO determines an applicant is disqualified by the state's standards, then FSO must provide state-mandated notices to the applicant. § 26206. The applicant is then entitled to a hearing in which two other arms of the state control the proceeding: the district attorney and the Superior Court. § 26206, subd. (d); *Del Campo v. Kennedy*, 517 F.3d 1070, 1073 (9th Cir. 2008) (District Attorneys acting in their prosecutorial capacity are arms of the state); *Munoz v. Superior Court of Los Angeles County*, 91 F.4th 977, 980 (9th Cir. 2024) (California Superior Court is an arm of the state.)

In sum, California Sheriffs are delegated the task of administering a state-mandated, state-controlled CCW permit application process, and in that capacity serve as an arm of the state of

11

California, immune from suit under the Eleventh Amendment.

**D. Broad injunctive relief is not available on McKinney's as-applied claims**

McKinney seeks to have this Court issue broad injunctive relief, asking the Court to "compel the defendants to establish a process that offers a person whose application for a permit to carry a concealed weapon is denied and opportunity to participate in an unbiased appeal process like that prescribed and protected by the judiciary." ECF No. 1, p.2. McKinney cannot obtain such broad relief in an "as-applied" case as narrow as this one. Rather, the most he can obtain is a judgment directing that Defendants remedy constitutional violations that McKinney himself has suffered.

"An as-applied challenge contends that the law is unconstitutional as applied to the litigant's particular ... activity, even though the law may be capable of valid application to others." *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998). An as-applied challenge "does not implicate the enforcement of the law against third parties." *Id.*; *Cal. Rifle & Pistol Assoc.*, 2024 WL 4875390, at *7. Because an as-applied challenge does not implicate the rights of third parties, remedies for an as-applied challenge are limited in scope to the specific plaintiff bringing the challenge. *See Id.*; *see also Ass'n for Accessible Medicines v. Bonta*, No. 2:20-CV-01708-TLN-DB, 2022 WL 463313, at *8 (E.D. Cal. Feb. 15, 2022).

Here, McKinney does not allege, and cannot demonstrate, that a constitutional violation extends beyond his own case. Nor can he demonstrate standing to assert constitutional violations on behalf of others in any case. *See Cal. Rifle & Pistol Assoc.*, 2024 WL 4875390, at *7 ["Plaintiffs have failed to show the Association Plaintiffs have standing to seek the broad relief they request."] Rather, his allegations are only that, as applied to himself, Defendants violated McKinney's due process rights. Consequently, the Court should issue summary judgment that McKinney is not entitled to injunctive relief.

## V. CONCLUSION

For the foregoing reasons, summary judgment should be issued in favor of Defendants, dismissing the case entirely.

Dated: January 29, 2025                    Respectfully submitted,

DANIEL C. CEDERBORG
County Counsel


By:   /s/ Cavan M. Cox II
      _____
      Cavan M. Cox II, Deputy County Counsel
      Attorneys for Defendants
      Fresno County Sheriff's Office
      Fresno County Sheriff Margaret Mims
      Fresno County Sheriff's Captain Ryan Hushaw

**PROOF OF SERVICE BY UNITED STATES MAIL**

I, Vincent Soliz, declare as follows:

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed at the Fresno County Counsel's Office, 2220 Tulare Street, Fifth Floor, Fresno, California, 93721.

On January 29, 2025, I served a copy of the within:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION SUMMARY JUDGMENT**

on the interested parties in said action addressed as follows:

Michael Gene McKinney
4397 N. Valentine Avenue
Fresno, CA 93722
*Pro Per Plaintiff*

**X**   by placing the document(s) listed above for mailing in the United States mail at Fresno, California, in accordance with my employer's ordinary practice for collection and processing of mail and addressed as set forth above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 29, 2025, at Fresno, California.

Vincent Soliz
Litigation Paralegal

Certificate Of Service
Case No. 1:22-cv-00475 KES-EPG