DANIEL C. CEDERBORG
 County Counsel – State Bar No. 124260
CAVAN M. COX II
 Deputy County Counsel – State Bar No. 266793
FRESNO COUNTY COUNSEL
2220 Tulare Street, 5th Floor
Fresno, California 93721
Telephone: (559) 600-3479
Facsimile: (559) 600-3480
Email: cacox@fresnocountyca.gov

Attorneys for Defendants,
Fresno County Sheriff's Office,
Fresno County Sheriff Margaret Mims, and
Fresno County Sheriff's Captain Ryan Hushaw

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL GENE MCKINNEY,<br><br>          Plaintiff,<br><br>     v.<br><br>FRESNO COUNTY SHERIFF'S OFFICE; and; FRESNO COUNTY SHERIFF MARGARET MIMS; and; FRESNO COUNTY SHERIFF'S CAPTAIN RYAN HUSHAW,<br><br>          Defendants. | Case No. 1:22-cv-00475 KES-EPG<br><br>**DECLARATION OF JAMES DUNN** |

I, Lieutenant James Dunn of the Fresno County Sheriff's Department, declare:

1.   I am a sworn peace officer in the State of California, employed by the Sheriff of the County of Fresno (FSO). I have been a peace officer for approximately 22 years and have been employed by the Sheriff of the County of Fresno since February of 2001.

1

DECLARATION OF JAMES DUNN
Case No. 1:22-cv-00475 KES-EPG

2.  As of the date of this Declaration, I hold the rank of Lieutenant and am assigned to the Operations Support Bureau. Within the Operations Support Bureau, I am in charge of overseeing and supervising the CCW unit, which is the unit tasked with receiving and reviewing applications for a permit to Carry a Concealed Weapon (CCW permit) on behalf of FSO, and maintaining records related to CCW applications. I have been in charge of the CCW unit for approximately one year and four months.

3.  I am knowledgeable of and familiar with FSO policies generally and am particularly knowledgeable of and familiar and with the policies pertaining to applications for a CCW permit. I work with and apply FSO's CCW policies daily and am personally familiar with both the written policies and the practical mechanics of how those policies are applied to individual applications. I am also familiar with California law pertaining to CCW permits, including criteria which render individuals unqualified.

4.  I am familiar with the Sheriff's older CCW policies, including those which were in place between 2019 and 2023, copies of which are archived by the CCW unit. From these records and from discussions with other FSO personnel, I am familiar with and knowledgeable about how those policies were applied in the past.

5.  I am routinely involved in administrative and command staff meetings and am personally familiar with how FSO is organized and managed.

6.  I have reviewed the complaint of Plaintiff Michael G. McKinney (Plaintiff) and have reviewed his application materials and related to the allegations of the complaint.

**FSO's CCW application Process before January 1, 2024**

7.  In or around June of 2021, Plaintiff electronically filed a signed application for a CCW permit with FSO. At that time, Margaret Mims was the Sheriff of the County of Fresno and Ryan Hushaw was a Captain in charge of the CCW unit. At the time Plaintiff's application was being reviewed, both Margaret Mims and Ryan Hushaw were government officials employed by FSO.

8. At that time, it was customary at FSO to interview each CCW permit applicant to determine their suitability for a CCW permit application. Accordingly, Plaintiff was interviewed by an FSO investigator regarding his suitability for a CCW permit. The investigator then utilized various law enforcement data bases and other resources to evaluate Plaintiff's suitability for a CCW permit.

9. As with all applicants in that time period, upon completion of Plaintiff's interview and background investigation, the investigator made a recommendation as to whether Plaintiff should be issued a CCW permit. The investigator's recommendation and Plaintiff's application packet were then reviewed by a series of senior FSO officials who made their own recommendations. At that time, the preliminary decision to deny any CCW permit was made by an Assistant Sheriff, after reviewing the other recommendations. In Plaintiff's case, following a review of the other recommendations and Plaintiff's application packet, an Assistant Sheriff decided to deny Plaintiff's CCW application. FSO notified Plaintiff was that his CCW application was denied in or around January 2022, and Plaintiff was advised that he could appeal the decision. Plaintiff indicated that he did wish to appeal.

10. At that time, an appeal of the denial of a CCW permit was decided by the elected Sheriff, following a review of the prior recommendations and the pertinent application packet. In Plaintiff's case, the elected Sheriff Margaret Mims reviewed Plaintiff's application packet and the prior recommendations and decided to deny Plaintiff's application.

11. The reason the Sheriff denied Plaintiff's application was that he failed to demonstrate "good moral character" as required by California law at that time. The main reasons he failed to demonstrate good moral character were that he provided evasive or non-responsive answers on his application, that he had been convicted of two misdemeanor offenses related to driving under the influence within the past 10 years, that he had inappropriately stored a firearm in the past 10 years, and that he was prescribed medication by a psychiatrist but failed to provide a note from that psychiatrist affirmatively demonstrating that his medication would not affect his ability to safely handle or possess a concealed firearm.

12. In or around January and April of 2022, Plaintiff was advised of the broad reasons for the denial of his CCW permit application, including that the denial was based on his past criminal history, failure to demonstrate good moral character, and that he had withheld or provided false information on his CCW application.

13. Plaintiff was not told the specific reasons for the denial in detail, nor was he provided an account of what information FSO relied upon to deny his application. Plaintiff was not permitted to offer rebuttal testimony or evidence.

### FSO's current CCW application Process

14. Effective November 12, 2024, FSO implemented a new CCW policy, which remains effective as of the date of this declaration. A true and correct copy of that policy, titled **"Policy 207, License to Carry a Firearm"** is attached to this declaration as **Exhibit 1.** The new policy is based upon current California CCW laws, which went into effect January 1, 2024. The new policy does not require an applicant to demonstrate good cause to obtain a CCW permit. The new policy does not require the applicant to demonstrate good moral character to obtain a CCW permit. The new and current policy is public record available to view on the FSO website.

15. Under the new policy and pursuant to California law, the Sheriff may not issue a CCW permit to an unqualified applicant. Under the new policy and pursuant to California law the Sheriff must issue a CCW permit to a qualified applicant who complies with the steps of the application process. It is FSO's policy to fairly and impartially consider all CCW applications in accordance with California law and FSO policy.

16. Under current policy and law, if FSO determines a person who has applied for a CCW permit is not qualified, then FSO will provide notice to that applicant that the applicant is entitled to a hearing in the Superior Court. In that hearing the District Attorney must prove by a preponderance of the evidence to a California Superior Court judge that the applicant is not qualified for a CCW permit. This system of review is already in place, and the Superior Court has conducted and continues to conduct hearings on the denial of CCW permits.

17. FSO no longer has an administrative appeal process for the denial of a CCW permit. Instead, appeals are handled in the California Superior Court.

### How FSO's current policy applies to Plaintiff

18. Plaintiff can apply to FSO for a CCW permit at any time, subject to the same requirements as any other applicant.

19. If Plaintiff applied for a CCW permit now, his application would be reviewed under the same standards as any other, as required by current California law and current FSO policy. If Plaintiff's application were denied, FSO would provide him with the same notice as any other applicant regarding his right to a hearing in the California Superior Court.

I declare under penalty of perjury in accordance with the provisions of 28 U.S.C § 1746 that the above is true and accurate to the best of my knowledge and belief.

Dated: 01/28/2025

By: _____*James Dunn*_____
James Dunn
Lieutenant
Fresno County Sheriff's Department

# EXHIBIT 1

# License to Carry a Firearm

### 207.1  PURPOSE AND SCOPE
The Sheriff is given the statutory discretion to issue a license to carry a firearm to residents within the community (Penal Code § 26150; Penal Code § 26155). This policy will provide a written process for the application and issuance of such licenses. Pursuant to Penal Code § 26160, this policy shall be made accessible to the public.

207.1.1  APPLICATION OF POLICY
Nothing in this policy shall preclude the Chief or other head of a municipal police office from entering into an agreement with the Sheriff of the county or preclude the Sheriff of the county from entering into an agreement with the Chief of any municipal police office to process all applications and license renewals for the carrying of concealed weapons (Penal Code § 26150; Penal Code § 26155).

### 207.2  POLICY
The Fresno County Sheriff's Office will fairly and impartially consider all applications to carry firearms in accordance with applicable law and this policy.

### 207.3  QUALIFIED APPLICANTS
In order to qualify for a license to carry a firearm, the applicant must meet certain requirements, including:

(a) Be a resident of, or work and spend a substantial amount of time in, the County of Fresno (Penal Code § 26150; Penal Code § 26155).

(b) Be at least 21 years of age (Penal Code § 29610).

(c) Fully complete an application that will include substantial personal information. Much of the information in the application may be subject to public access under the Public Records Act.

(d) Be free from criminal convictions that would disqualify the applicant from carrying a firearm. Fingerprints will be required and a complete criminal background check will be conducted.

(e) Not be a suspect in an active criminal court case.

(f) Pay all associated application fees. These fees are set by statute and may not be refunded if the application is denied.

(g) Provide proof of ownership of any firearm to be licensed.

(h) Be free from any psychological conditions that might make the applicant unsuitable for carrying a firearm (Penal Code § 26190).

(i) Complete required training (Penal Code § 26165).

**207.4   APPLICATION PROCESS**

The application process for a license to carry a firearm shall consist of two phases. Upon the completion of each phase, the applicant will advance to the next phase until the process is completed and the license is either issued or denied.

No person determined to fall within a prohibited class described within Penal Code § 26202, § 29800, Penal Code § 29900, Welfare and Institutions Code § 8100, or Welfare and Institutions Code § 8103 will be issued a license to carry a firearm. A license shall not be issued if the California Department of Justice (DOJ) determines that the applicant is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm (Penal Code § 26195).

207.4.1   PHASE ONE (TO BE COMPLETED BY ALL APPLICANTS)

(a) Any individual applying for a license to carry a firearm shall first fully complete a California Department of Justice (DOJ) application online using the Permitium program, which will be signed electronically under penalty of perjury. Any applicant who provides false information or statements on the application will be removed from further consideration and may be prosecuted for a criminal offense (Penal Code § 26180).

   1. In the event of any discrepancies in the application or background investigation, the applicant may be required to undergo a polygraph examination, at the applicant's expense.

   2. If an incomplete application package is received, the Sheriff or authorized designee may do any of the following:

      (a) Require the applicant to complete the package before any further processing.

      (b) Advance the incomplete package to phase two for conditional processing pending completion of all mandatory conditions.

      (c) Issue a denial if the materials submitted at the time demonstrate that the applicant would not qualify for a license to carry a firearm even if the package was completed.

(b) Applicant fees shall be submitted online via the Permitium program and processed according to office-established procedures and Penal Code § 26190.

   1. Full payment of the remainder of the application fee will be required upon approval of the license prior to issuance.

   2. Payment of related fees may be waived if the applicant is a duly appointed reserve peace officer as defined in Penal Code § 830.6 (a) or (b) (Penal Code § 26170).

(c) The applicant shall be required to submit to fingerprinting and a complete criminal background check by the California DOJ.

(d) The applicant shall submit proof of ownership of each firearm to be licensed.

Copyright Lexipol, LLC 2024/11/12, All Rights Reserved.
Published with permission by Fresno County Sheriff's Office

Once the Sheriff or authorized designee has reviewed the completed application package and relevant background information, the application will either be advanced to phase two or denied.

In the event that an application is denied at the conclusion of, or during, phase one, the applicant shall be notified in writing within 120 days of the initial application or within 30 days after receipt of the applicant's criminal background check from the California DOJ, whichever is later. If the license is denied, the notice shall state which requirement was not satisfied (Penal Code § 26205). The notice shall also state the reason as to why the determination was made and also inform the applicant they may request a hearing with the court for review. The office shall also provide the applicant with the most recent "Request for Hearing Challenge Disqualified Person Determination" form created and maintained by California DOJ (Penal Code § 26206).

### 207.4.2   PHASE TWO
This phase is to be completed only by those applicants successfully completing phase one.

   (a)   Upon successful completion of phase one, the applicant shall be scheduled for a personal interview with the Sheriff or the authorized designee. During this stage, there will be further discussion of any potential restrictions or conditions that might be placed on the license.

   (b)   The Sheriff may, based upon criteria established by the Sheriff, require that the applicant be referred to an authorized psychologist used by the Office for psychological testing. The cost of such psychological testing shall be reasonable and will be paid by the applicant. The purpose of any such psychological testing is intended only to identify any outward indications or history of psychological problems that might render the applicant unfit to carry a firearm. This testing is not intended to certify in any other respect that the applicant is psychologically fit. If it is determined that the applicant is not a suitable candidate for carrying a firearm, the applicant shall be removed from further consideration (Penal Code § 26202(a)(1)).

   (c)   The applicant shall complete a course of training approved by the office, which complies with Penal Code § 26165 (Penal Code § 26165).

   (d)   If a training certificate has not already been submitted and it appears the application will be approved, the office has 90 days from receiving a completed packet to notify the applicant to proceed with their training requirements and submit their certification within 60 days.

Once the Sheriff or authorized designee has verified the successful completion of phase two, the license to carry a firearm will either be granted or denied.

Whether an application is approved or denied at the conclusion of or during phase two, the applicant shall be notified in writing within 120 days of the initial application or within 30 days after receipt of the applicant's criminal background check from the California DOJ, whichever is later. If the license is denied, the notice shall state which requirement was not satisfied (Penal Code § 26205).

### 207.5   ISSUED FIREARMS LICENSES
In the event a license to carry a firearm is issued by the Sheriff, the following shall apply:

Copyright Lexipol, LLC 2024/11/12, All Rights Reserved.
Published with permission by Fresno County Sheriff's Office

*License to Carry a Firearm*

(a) The license will be subject to any and all reasonable restrictions or conditions the Sheriff has deemed warranted, including restrictions as to the time, place, manner, and circumstances under which the person may carry the firearm.

   1. All such restrictions or conditions shall be conspicuously noted on any license issued (Penal Code § 26200).

   2. The licensee will be required to sign a Restrictions and Conditions Agreement during the in-person interview. Any violation of any of the restrictions and conditions may result in the immediate revocation of the license.

(b) The license shall be laminated, bearing a photograph of the licensee with the expiration date, type of firearm, restrictions, and other pertinent information clearly visible.

   1. Each license shall be numbered and clearly identify the licensee.

   2. All licenses shall be subjected to inspection by the Sheriff or any law enforcement officer.

(c) The license will be valid for a period not to exceed two years from the date of issuance (Penal Code § 26220).

   1. A license issued to a state or federal magistrate, commissioner, or judge will be valid for a period not to exceed three years.

   2. A license issued to any reserve peace officer as defined in Penal Code § 830.6(a) or (b), or a custodial officer employed by the Sheriff as provided in Penal Code § 831.5 will be valid for a period not to exceed four years, except that such license shall be invalid upon the individual's conclusion of service as a reserve officer or custodial officer.

(d) If the licensee's place of residence was the basis for issuance of a license and the licensee moves out of the county of issuance, the license shall expire 90 days after the licensee has moved (Penal Code § 26210).

(e) The licensee shall notify this office in writing within 10 days of any change of place of residency.

(f) The office shall then notify California DOJ of the residency change within 10 days of receiving it from the licensee.

### 207.5.1   LICENSE RESTRICTIONS

(a) The Sheriff may place special restrictions limiting time, place, manner and circumstances under which any license shall be valid. In general, these restrictions will prohibit the licensee from:

   1. Associate publicly with known gang members.

   2. Consuming any alcoholic beverage while armed.

   3. Falsely representing him/herself as a peace officer.

   4. Unjustified or unreasonable displaying of a firearm.

   5. Committing any crime.

Copyright Lexipol, LLC 2024/11/12, All Rights Reserved.
Published with permission by Fresno County Sheriff's Office

6. Being under the influence of any medication or drug while armed.

7. Interfering with any law enforcement officer's duties.

8. Refusing to display his/her license or firearm for inspection upon demand of any peace officer.

9. Loading the permitted firearm with illegal ammunition.

(b) The Sheriff and his/her designee reserves the right to inspect any license or licensed firearm at any time.

### 207.5.2   AMENDMENTS TO LICENSES

Any licensee may apply to amend a license at any time during the period of validity by completing and submitting a written Application for License Amendment along with the current processing fee to the Office using Permitium in order to (Penal Code § 26215):

(a) Add or delete authority to carry a firearm listed on the license.

(b) Change restrictions or conditions previously placed on the license.

(c) Change the address or other personal information of the licensee (Penal Code § 26210).

In the event that any amendment to a valid license is approved by the Sheriff, a new license will be issued reflecting the amendment. An amendment to any license will not serve to extend the original expiration date and an application for an amendment will not constitute an application for renewal of the license.

### 207.5.3   REVOCATION OF LICENSES

Any license issued pursuant to this policy may be immediately revoked by the Sheriff for any of the following reasons:

(a) The licensee has violated any of the restrictions or conditions placed upon the license.

(b) The licensee becomes psychologically unsuitable to carry a firearm.

(c) The licensee is determined to be within a prohibited class described in Penal Code § 26202, § 29800, Penal Code § 29900, Welfare and Institutions Code § 8100, Welfare and Institutions Code § 8103, or any state or federal law.

(d) If the license is one to carry "loaded and exposed," the license shall be revoked immediately upon a change of the licensee's place of residence to another county (Penal Code § 26210).

The issuance of a license by the Sheriff shall not entitle the holder to either a property or liberty interest as the issuance, amendment, or revocation of such license remains exclusively within the discretion of the Sheriff as set forth herein.

If any license is revoked, the Office will immediately (within 15 days) notify the licensee in writing and the California DOJ (Penal Code § 26195). The notice shall state the reason as to why the determination was made and also inform the applicant they may request a hearing with the court

for review. The office shall also provide the applicant with the most recent "Request for Hearing Challenge Disqualified Person Determination" form created and maintained by California DOJ (Penal Code § 26206).

### 207.5.4   LICENSE RENEWAL

No later than 90 days prior to the expiration of any valid license to carry a firearm, the licensee may apply to the Sheriff for a renewal by:

(a) Verifying all information submitted in the original application under penalty of perjury.

(b) Completing an office-approved training course pursuant to Penal Code § 26165.

(c) Paying a non-refundable renewal application fee.

Once the Sheriff or the authorized designee has verified the successful completion of the renewal process, the renewal of the license to carry a firearm will either be granted or denied. Prior issuance of a license shall not entitle any licensee to any property or liberty right to renewal.

Whether an application for renewal is approved or denied, the applicant shall be notified in writing within 120 days of the renewal application or within 30 days after receipt of the applicant's criminal background check from the California DOJ, whichever is later (Penal Code § 26205). If denied, the notice shall state the reason as to why the determination was made and also inform the applicant they may request a hearing with the court for review. The office shall also provide the applicant with the most recent "Request for Hearing Challenge Disqualified Person Determination" form created and maintained by California DOJ (Penal Code § 26206).

### 207.6   OFFICE REPORTING AND RECORDS

Pursuant to Penal Code § 26225, the Sheriff shall maintain a record of the following and immediately provide copies of each to the California DOJ:

(a) The denial of a license

(b) The denial of an amendment to a license

(c) The issuance of a license

(d) The amendment of a license

(e) The revocation of a license

The Sheriff shall annually submit to the State Attorney General the total number of licenses to carry firearms issued to reserve peace officers and judges.

### 207.7   CONFIDENTIAL RECORDS

The home address and telephone numbers of any peace officer, public defender, prosecutor, magistrate, court commissioner, or judge contained in an application shall not be considered public record (Government Code § 7923.805).

*License to Carry a Firearm*

Any information in an application for a license to carry a firearm that indicates when or where the applicant is vulnerable to attack or that concerns the applicant's medical or psychological history or that of the applicant's family shall not be considered public record (Government Code § 7923.800).

### 207.8   LIMITED BUSINESS LICENSE TO CARRY A CONCEALED FIREARM

An individual who is not a resident of the county but who otherwise successfully completes all portions of phases one and two above, may apply for and be issued a limited license subject to approval by the Sheriff and subject to the following:

(a) The applicant physically spends a substantial period of working hours in the applicant's principal place of employment or business within the County of Fresno (Penal Code § 26150).

(b) Such a license will be valid for a period not to exceed 90 days from the date of issuance (Penal Code § 26220).

(c) The applicant shall provide a copy of the license to the licensing authority of the city or county in which the applicant resides (Penal Code § 26220).

(d) Any application for renewal or reissuance of such a license may be granted only upon concurrence of the original issuing authority and the licensing authority of the city or county in which the applicant resides (Penal Code § 26220).

**PROOF OF SERVICE BY UNITED STATES MAIL**

I, Vincent Soliz, declare as follows:

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed at the Fresno County Counsel's Office, 2220 Tulare Street, Fifth Floor, Fresno, California, 93721.

On January 29, 2025, I served a copy of the within:

**DECLARATION OF JAMES DUNN**

on the interested parties in said action addressed as follows:

Michael Gene McKinney
4397 N. Valentine Avenue
Fresno, CA 93722
*Pro Per Plaintiff*

X   by placing the document(s) listed above for mailing in the United States mail at Fresno, California, in accordance with my employer's ordinary practice for collection and processing of mail and addressed as set forth above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 29, 2025, at Fresno, California.

Vincent Soliz
Litigation Paralegal