UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GENE MCKINNEY,<br><br>   Plaintiff,<br><br> v.<br><br>FRESNO COUNTY SHERIFF'S OFFICE, *et al.*,<br><br>   Defendants. | No. 1:22-cv-00475-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT (1) DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE BE GRANTED, IN PART; AND (2) DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>(ECF Nos. 55-58)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

**I. INTRODUCTION**

Plaintiff Michael Gene McKinney proceeds *pro se* in this case claiming that Defendants denied him procedural due process when he applied for a California permit to carry a concealed weapon (CCW).

Now before the Court is Defendants' motion for summary judgment, arguing that (1) Plaintiff's requests for injunctive relief are moot because the law and procedures regarding CCW permits have changed and (2) Defendants are immune from relief on Plaintiff's request for monetary damages. (ECF No. 55). In connection with their motion, Defendants ask the Court to take judicial notice of certain CCW laws and procedures. (ECF Nos. 56-58).

As discussed below, despite two extensions of time to oppose Defendants' motion, Plaintiff has failed to do so. (ECF Nos. 61, 63).

\\\

1

Upon review, the Court will recommend that (1) Defendants' requests for judicial notice be granted, in part; and (2) Defendants' motion for summary judgment be granted.

## II.   BACKGROUND

### A. Plaintiff's Complaint

Plaintiff filed his complaint on April 21, 2022, suing Defendants Fresno County Sheriff's Office (FSO), Margaret Mims (formerly the Fresno County Sheriff), and Ryan Hushaw (a Fresno County Sheriff Captain). (ECF No. 1; *see* ECF No. 55-1, pp. 1-2 (explaining positions of Defendants Mims and Hushaw)). He alleges that he applied for a CCW permit from FSO in 2018 but his application was denied based on his "criminal record and psychiatric profile." (ECF No. 1, p. 1). He did not appeal the decision, but he reapplied in September 2021.

This application was denied via email on January 10, 2022, based on the following reasons: "Criminal History 26150 PC, and Moral Character 26150(a)(l) PC." (*Id.* at 2). On January 11, 2022, Plaintiff mailed a request to appeal the decision, which he addressed to the administrative captain "at the CCW unit." (*Id.*).

On February 17, 2022, Plaintiff received an email telling him that his application was denied for the following reasons: "Withheld/False Information on Application 26180 PC, Criminal History 26150 PC." (*Id.*). The email stated that Plaintiff could appeal the decision by mailing an appeal request to the administrative captain. On February 22, 2022, Plaintiff mailed his appeal request.

In late March 2022, a person who represented themselves "as an employee at the CCW unit" called Plaintiff to tell him that his appeals were denied. (*Id.*). On April 8, 2022, Plaintiff mailed a letter to the administrative captain, stating that notice by phone or email "would not suffice as formal denial of the appeals." (*Id.*).

Plaintiff asserts that "Defendants deprived [him of his] right to due process by not allowing his participation in the appeal" and he "was not presented an opportunity to review the information used in determining the claims stated in the denial or given [the] opportunity to offer rebuttal testimony or evidence to disprove the claims given as reasons for the decision being appealed." (*Id.* at 1).

As for relief, Plaintiff asks the Court to: "compel [] [D]efendants to establish a process

2

that offers a person whose application for a permit to carry a concealed weapon is denied an opportunity to participate in an unbiased appeal process like that prescribed and protected by the judiciary"; "order the [D]efendant[s] to allow [him] to participate in a court approved appeal process, once established, that will allow him to appear at the appeal and present testimony and evidence to rebut information contained in the reasons for the denial of a CCW permit application"; "order the Defendants to pay any monetary damage [he] incurs as result of the Defendants['] actions and [to] reimburse the costs of the Plaintiff's search for relief"; and, order "[a]ny further relief which the [C]ourt or a jury may deem appropriate." (*Id.* at 2).

### B. Defendants' Motion for Summary Judgment and Plaintiff's Lack of Opposition

Defendants filed their motion for summary judgment on January 29, 2025. (ECF No. 55). The presiding District Judge referred the motion on February 3, 2025. (ECF No. 60).

After Plaintiff failed to timely respond, the Court *sua sponte* granted him an extension to March 14, 2025, to do so. (ECF No. 61). The Court's order warned him "that the failure to file anything by this date may result in a dismissal without the further opportunity to respond to the motion." *Id.* Thereafter, at Plaintiff's request, the Court granted a second extension—to May 16, 2025—to respond to Defendants' motion for summary judgment. (ECF Nos. 62, 63). The Court advised that, "[i]f Plaintiff fails to file an opposition by that date, the Court will consider the motion for summary judgment unopposed." (ECF No. 63).

Despite the extended time to respond, Plaintiff has failed to file an opposition, file another extension request, or file anything since the Court's last order.

### III. SUMMARY OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants' motion for summary judgment argues that California law regarding the issuance of CCW permits changed in 2024 and the Fresno County Sheriff's Office (FSO) adopted new policies consistent with the law. (ECF No. 55-1, p. 2). Most notably, Plaintiff would now be entitled to specific procedural protections if his application were denied and he appealed, including the right to a court hearing where the district attorney would bear the burden of providing that Plaintiff is not entitled to a CCW permit. (ECF No. 55-1, p. 8).

Accordingly, Defendants argue that Plaintiff's requests for injunctive relief are moot, and the Court no longer has subject-matter jurisdiction over the case. (*Id.* at 2). Further, they argue

that "[m]onetary relief is barred by qualified immunity for the individual defendants, and absolute immunity for FSO." (*Id.*).

In support of their motion, Defendants provide the declaration of Lieutenant James Dunn, an FSO employee who oversees and supervises the CCW unit. (ECF No. 55-2, pp. 1-2). The declaration discusses FSO's former CCW policies, the reasons Plaintiff's application was denied, and FSO's new CCW policies.

## IV. REQUESTS FOR JUDICIAL NOTICE

As an initial matter, Defendants ask the Court to take judicial notice of FSO's new CCW policies, California's current law applicable to CCW permits (California Senate Bill No. 2, legislative year 2023-2024), and California's prior law regarding CCW permits (California Penal Code § 26150, effective January 1, 2016, to December 31, 2023). (ECF No. 56-58).

Under Federal Rule of Evidence 201(b), a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The decision to take judicial notice lies within a court's discretion. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

With these standards in mind, the Court will recommend that judicial notice be taken of FSO's new CCW policies, as it is a public record that is not subject to a reasonable dispute and it is relevant to this case. (ECF No. 57); *see City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 (9th Cir. 2004) (taking judicial notice of California Department of Corrections' Operations Manual); *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

However, as to California's prior and current CCW laws (ECF Nos. 56, 58), the Court will recommend that these requests be denied as unnecessary because courts may refer to statutes without taking judicial notice of them. *See Price v. Clifton*, No. 2:22-CV-00091-JLS (GJS), 2024 WL 4720888, at *5 (C.D. Cal. Aug. 27, 2024), *report and recommendation adopted*, 2024 WL 4828700 (C.D. Cal. Nov. 19, 2024) ("As to the other two exhibits, the Court need not take judicial notice of state statutes or state bills, because these are matters that are 'legislative facts,' rather than 'adjudicative facts,' and are outside the scope of Rule 201. It is unnecessary to ask a

court to take judicial notice of these types of matters, which can be reviewed by the Court conducting its own research into the relevant issues."); *Nilsen v. Lunas*, No. 16-CV-03631-EMC, 2016 WL 5407904, at *7 (N.D. Cal. Sept. 28, 2016) ("Lake County asked for judicial notice of these code sections. Judicial notice is unnecessary as to these statutes.").

## V. LEGAL STANDARDS FOR SUMMARY JUDGMENT

Summary judgment in favor of a party is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) ("If there is a genuine dispute about material facts, summary judgment will not be granted."). A party asserting that a fact cannot be disputed must support the assertion by

> citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). If the moving party does so, "the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial," which is not a light burden, the party "must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.*; *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). "[A] complete failure of proof concerning an essential element of the

5

nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322. Additionally, "[a] summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

In reviewing the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011). It need only draw inferences, however, where there is "evidence in the record . . . from which a reasonable inference . . . may be drawn"; the Court need not entertain inferences that are unsupported by fact. *Celotex*, 477 U.S. at 330 n. 2 (citation omitted). In reviewing a summary judgment motion, the Court may consider other materials in the record not cited to by the parties but is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

## VI. ANALYSIS[1]

### A. Plaintiff's Requests for Injunctive Relief

In light of the above legal standards, the Court now considers Defendants' unopposed motion for summary judgment, starting Defendants' mootness argument and the following evidence submitted in the declaration of Lt. Dunn.

Plaintiff's application for a CCW was denied in 2022. (ECF No. 55-2, p. 3). "At that time, an appeal of the denial of a CCW permit was decided by the elected Sheriff, following a review of the prior recommendations and the pertinent application packet." (*Id.*). Here, "Mims reviewed Plaintiff's application packet and the prior recommendations and decided to deny Plaintiff's application." (*Id.*). "In or around January and April of 2022, Plaintiff was advised of the broad reasons for the denial of his CCW permit application, including that the denial was based on his past criminal history, failure to demonstrate good moral character, and that he had withheld or

---

[1] Under Local Rule 230(c), the Court construes Plaintiff's "failure to file a timely opposition . . . as a nonopposition to the motion." However, the Court will not recommend granting Defendants' motion for summary judgment solely because Plaintiff failed to file an opposition. Rather, consistent with summary judgment standards, the Court will consider whether Defendants have sufficiently demonstrated that summary judgment is warranted. *Cf. Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) ("A local rule that requires the entry of summary judgment simply because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with Rule 56, hence impermissible under Rule 83.").

provided false information on his CCW application." (*Id.* at 4). However, he "was not told the specific reasons for the denial in detail, nor was he provided an account of what information FSO relied upon to deny his application." (*Id.*). Further, "Plaintiff was not permitted to offer rebuttal testimony or evidence." (*Id.*).

After California enacted new CCW laws that went into effect in January 2024, FSO implemented new CCW policies. (*Id.*).

> Under current policy and law, if FSO determines a person who has applied for a CCW permit is not qualified, then FSO will provide notice to that applicant that the applicant is entitled to a hearing in the Superior Court. In that hearing the District Attorney must prove by a preponderance of the evidence to a California Superior Court judge that the applicant is not qualified for a CCW permit. This system of review is already in place, and the Superior Court has conducted and continues to conduct hearings on the denial of CCW permits. FSO no longer has an administrative appeal process for the denial of a CCW permit. Instead, appeals are handled in the California Superior Court. Plaintiff can apply to FSO for a CCW permit at any time, subject to the same requirements as any other applicant.

(*Id.* at 4-5).

The Court notes that the new judicial appellate process described above is codified in California law. Specifically, if a CCW permit is denied, a licensing authority is required to provide a notice that "state[s] the reason as to why the determination was made and also inform the applicant that they may request a hearing from a court." Cal. Penal Code § 26206(a). California law allows denied CCW applicants to appeal the decision to the Superior Court of their county of residence. § 26206(c). Further, there are specific provisions regarding the ensuing judicial proceedings.

> An applicant who has requested a hearing under this section shall be given a hearing. The clerk of the court shall set a hearing date and notify the person, the licensing authority, the department, and the district attorney. The people of the State of California shall be the plaintiff in the proceeding and shall be represented by the district attorney. Within 14 days after receiving from the clerk of the court the request for a hearing, the department shall file copies of the applicant's criminal history report described in this section with the superior court under seal, and the licensing authority shall file any records or reports on which it relied in denying or revoking the license at issue with the superior court. The licensing authority may also, or instead, file a declaration that summarizes the information it relied upon in denying or revoking the license at issue. The reports filed by the department and the licensing authority shall be disclosed to the person and to the district attorney upon request. The court, upon motion of the applicant establishing that confidential information is likely to be discussed during the hearing that

would cause harm to the person, shall conduct the hearing in camera, with only the relevant parties present, unless the court finds that the public interest would be better served by conducting the hearing in public.

Cal. Penal Code § 26206(d)(1).

Relevant evidence, except that excluded under California law, "shall be admissible at the hearing." Cal. Penal Code § 26206(d)(3). Further, "[t]he people shall bear the burden of showing by a preponderance of the evidence that the applicant is a disqualified person in accordance with Section 26202." § 26206(e).

As for legal argument, Defendants contend that the Court lacks subject-matter jurisdiction over Plaintiff's requests for injunctive relief because those requests are moot based on the new California CCW law and FSO's new CCW policies that mirror California law. (ECF No. 55-1, pp. 4-9). As the Ninth Circuit has noted, "[n]o matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot—and [the court] lack[s] jurisdiction—if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Teter v. Lopez*, 125 F.4th 1301, 1306 (9th Cir. 2025) (internal quotation marks and citation omitted). And "the repeal, amendment, or expiration of challenged legislation is generally enough to render a case moot and appropriate for dismissal." *Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019).

After considering Defendants' undisputed facts and legal argument regarding the changes in California's CCW law and FSO's policies, the Court concludes that Plaintiff's requests for injunctive relief are moot.

Importantly, the crux of Plaintiff's complaint is that he was denied procedural due process under the former policy where he only received an administrative appeal of the denial of his CCW permit. His specific requests for injunctive relief are as follows:

> The court compel the defendants to establish a process that offers a person whose application for a permit to carry a concealed weapon is denied an opportunity to participate in an unbiased appeal process like that prescribed and protected by the judiciary.
>
> The court order the defendant to allow [him] to participate in a court approved appeal process, once established, that will allow him to appear at the appeal and present testimony and evidence to rebut information contained in the reasons for the denial of a CCW permit application.

(ECF No. 1, p. 2).

First, the former administrative appeal process that led to the denial of Plaintiff's CCW application no longer exists. (ECF No. 55-2, p. 5). Second, as explained above, there is now a judicial appeal process as Plaintiff requests. § 26206(d)(1). Specifically, Plaintiff is entitled to a hearing in the Superior Court of his county of residence, § 26206(c), before the hearing he will receive a notice stating the reasons why his application was denied, § 26206(a), the reports relied upon to deny his license must be filed with the court and disclosed to Plaintiff at his request, § 26206(d)(1), at the hearing he can present evidence, § 26206(d)(3) (noting that all relevant evidence not otherwise excluded under California law "shall be admissible at the hearing"), and the district attorney will have the burden of showing by a preponderance of the evidence that Plaintiff is disqualified from receiving a CCW permit, § 26206(d)(3). In short, by all appearances, California's new CCW laws have granted Plaintiff all the injunctive relief he requests.[2]

Accordingly, the Court will recommend that Defendants' motion for summary judgment be granted as to Plaintiff's requests for injunctive relief as they are now moot.

### B. Plaintiff's Request for Monetary Damages[3]

As for Plaintiff's Request for damages for the past denial of his application, Defendants Mims and Hushaw argue that they are entitled to qualified immunity and Defendant FSO argues that it is entitled to Eleventh Amendment immunity.

#### 1. Qualified immunity

Starting with the qualified immunity argument brought by Defendants Mims and Hushaw, "[t]he doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional

---

[2] The Court notes that California law does not explicitly address Plaintiff's request to present testimony at a court hearing. However, presumably, Plaintiff would be able to present testimony under the general framework allowing the introduction of evidence at the hearing. Moreover, Plaintiff has not provided any argument opposing Defendants' motion or otherwise explained why this or any aspect of his requests for injunctive relief are not moot.

[3] The mootness doctrine does not apply to Plaintiff's request for monetary damages, as any past deprivation of his rights is capable of being remedied by a damages award. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 8 (1978) ("Respondents' claim for actual and punitive damages arising from MLG&W's terminations of service saves this cause from the bar of mootness."); *Yniguez v. State*, 975 F.2d 646, 647 (9th Cir. 1992) (per curiam) ("A plaintiff's pursuit of nominal damages provides a sufficiently concrete interest in the outcome of the litigation to confer standing to pursue declaratory relief and thereby prevents mootness.").

rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). This immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

In determining whether a defendant is entitled to qualified immunity, the Court must decide (1) whether the facts shown by plaintiff make out a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct. *Pearson*, 555 U.S. at 232. "A court's order granting qualified immunity at the summary judgment stage is improper only if the facts, viewed in the light most favorable to the plaintiff, show that a defendant's conduct violated a constitutional right and that right was "clearly established" at the time of the defendant's action." *Sabbe v. Washington Cnty. Bd. of Commissioners*, 84 F.4th 807, 819 (9th Cir. 2023). Further, the Court is permitted to decide which of the two prongs of the qualified immunity analysis should be addressed first considering the circumstances of the case. *Id.*

As for the clearly-established, prong, a right must be sufficiently clear "that every 'reasonable official would [have understood] that what he is doing violates that right.'" *Reichle v. Howards*, 132 S. Ct. 2088, 2090 (2012) (quoting *Al–Kidd*, 563 U.S. at 741) (alteration in original). "The plaintiff bears the burden of proof that the right allegedly violated was clearly established at the time of the alleged misconduct." *Romero v. Kitsap Cnty.*, 931 F.2d 624, 627 (9th Cir. 1991).

With these legal standards in mind, Defendants argue that, "[i]n early 2022, there was no clearly established right to a CCW permit, a particular application process, or even to carry a firearm outside the home" and Ninth Circuit law established there were no such rights. (ECF No. 55-1, pp. 2, 10). Specifically, Defendants cite *Peruta*, which held "that the Second Amendment right to keep and bear arms does not include, in any degree, the right of a member of the general public to carry concealed firearms in public." *Peruta v. Cnty. of San Diego*, 824 F.3d 919, 939 (9th Cir. 2016). Additionally, they cite *Erdelyi*, which held that the plaintiff "did not have a property or liberty interest in a concealed weapons license." *Erdelyi v. O'Brien*, 680 F.2d 61, 64

(9th Cir. 1982).

Defendants recognize the Supreme Court's decision in *Bruen* held "that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." 597 U.S. at 11; (ECF No. 55-1, p. 9). However, *Bruen* was not decided until June 2022, after Plaintiff's application had already been denied, and thus cannot serve as clearly established law at the time that Plaintiff's application was denied.

In light of the cases relied upon by Defendants, and without any counterargument from Plaintiff, the Court finds that Defendants Mims and Hushaw are entitled to qualified immunity.

### 2. Eleventh Amendment immunity

FSO argues that "California Sheriffs were considered an arm of the state for their decisions pertaining to CCW licenses" during the relevant period and thus FSO is entitled to Eleventh Amendment immunity from monetary damages. (ECF No. 55-1, p. 11).

"The eleventh amendment bars both a federal court action for damages (or other retroactive relief) brought by a citizen against a state and such a federal court action brought by a citizen against a state official acting in his official capacity." *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992), *as amended* (Oct. 9, 1992). Further, "actions against state agents and state instrumentalities," including local governmental entities, may be barred by Eleventh Amendment immunity. *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429, 117 S. Ct. 900, 903, 137 L. Ed. 2d 55 (1997).

As Defendants note, under California's previous CCW statutory framework, courts have concluded that a sheriff, "when making . . . decisions on granting or denying CCW licenses, acts as a representative of the state of California, and not of the County" and is thus immune under the Eleventh Amendment from monetary damages. *Scocca v. Smith*, 912 F. Supp. 2d 875, 884 (N.D. Cal. 2012); (ECF No. 55-1, pp. 10-11); *see Shilling v. Cnty. of San Diego*, No. 3:24-CV-01047-CAB-DDL, 2024 WL 4611448, at *3 (S.D. Cal. Oct. 29, 2024), *reconsideration denied*, 2024 WL 5145969 (S.D. Cal. Dec. 17, 2024) ("[Sheriff] Martinez is a representative of the State of California in administering CCW licenses and a claim against her in her official capacity is construed as a claim against the State. As such, the Court dismisses Plaintiff's claim for damages against Defendant Martinez without leave to amend because she is entitled to Eleventh

Amendment immunity."); *Aderholt v. Cooper*, No. 2:23-CV-1680-DAD-DB (PS), 2023 WL 6312128, at *3 (E.D. Cal. Sept. 28, 2023) (concluding that "[t]he Sacramento County Sheriff's Department and its employees are entitled to Eleventh Amendment immunity from suits for monetary damages" in case that involved allegations "related to the denial of a CCW permit").

The Court finds these cases persuasive and notes that Plaintiff, who has not responded to Defendants' motion for summary judgment, provides no evidence regarding FSO's role in processing CCW applications, or legal argument, that would suggest that FSO is not acting as an arm of the state.

Accordingly, FSO is entitled to Eleventh Amendment immunity on Plaintiff's request for monetary damages.

## VII. CONCLUSION AND RECOMMENDATIONS

Accordingly, IT IS RECOMMENDED as follows:

1. Defendants' requests for judicial notice be granted, in part; specifically, judicial notice be taken of FSO's CCW policies (ECF No. 57) and judicial notice be denied as unnecessary as to the cited California statutes (ECF Nos. 56, 58).
2. Defendants' motion for summary judgment (ECF No. 55) be granted and judgment be entered in Defendants' favor.
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

\\\
\\\
\\\
\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 28, 2025**                          /s/ Erica P. Grosjean
                                                                   UNITED STATES MAGISTRATE JUDGE

13