**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL GENE MCKINNEY,<br><br>              Plaintiff,<br><br>       v.<br><br>FRESNO COUNTY SHERIFF'S OFFICE, et al.,<br><br>              Defendants. | Case No. 1:22-cv-0475 KES EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE IN PART, AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>ORDER DIRECTING THE CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF, AND TO CLOSE THIS CASE<br><br>Docs. 55-58, 66 |

Michael Gene McKinney asserts that when he applied for a permit to carry a concealed weapon ("CCW"), Defendants violated his right to due process in denying the permit. Doc. 1. Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, asserting (1) McKinney's requests for injunctive relief are moot based on subsequent changes to the law and procedures regarding CCW permits, and (2) defendants are immune from monetary damages. Doc. 55. In support of the motion, Defendants requested the Court take judicial notice of certain CCW procedures and applicable law. Docs. 56-58. McKinney did not oppose the motion or requests for judicial notice.

The magistrate judge found it was appropriate to take judicial notice of the new policies of

1

the Fresno County Sheriff's Office, because the policies are public record, not subject to reasonable dispute, and relevant to this case.  Doc. 66 at 4 (citing *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 (9th Cir. 2004)).  The magistrate judge found there was no need to take judicial notice of the state's prior and current laws regarding CCW permits, because the court can in any event consider and refer to the relevant statutes.  *Id.* (citing *Price v. Clifton*, No. 2:22-CV-00091-JLS (GJS), 2024 WL 4720888, at *5 (C.D. Cal. Aug. 27, 2024)).  The magistrate judge thus recommended the Court grant the requests for judicial notice in part.  *Id.* at 13.

The magistrate judge observed that McKinney requested injunctive relief, including a judicial appeal process to appeal the denial of a CCW permit.  Doc. 66 at 9.  The magistrate judge found the request to be moot, as subsequent changes in state law had established such a process and satisfied the requested injunctive relief.  *See id*. at 9.

The magistrate judge also found that McKinney could not obtain monetary damages from defendants related to the denial of his CCW permit.  Doc. 66 at 9-12.  Specifically, the magistrate judge found that the individual defendants are entitled to qualified immunity.  *Id.* at 10-11.  The magistrate judge also found the Fresno County Sheriff's Office was entitled to Eleventh Amendment immunity.  *Id.* at 11-12.  Therefore, the magistrate judge recommended the court grant the motion and enter judgment in favor of defendants.  *Id.* at 12.

On July 28, 2025, the Court served the findings and recommendations on the parties and informed them that any objections were due within 14 days.  Doc. 66 at 12.  The Court also advised that "failure to file any objections within the specified time may result in the waiver of rights on appeal." *Id.* (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)).  McKinney did not file objections, and the time to do so expired.

///

///

///

///

///

///

2

In accordance with 28 U.S.C. § 636(b)(1), this Court reviewed this case de novo. Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and proper analysis. The Court **ORDERS**:

1. The findings and recommendations issued on July 28, 2025 (Doc. 66), are **ADOPTED** in full.

2. Defendants' request for judicial notice is **GRANTED** in part, to the extent the Court takes judicial notice of the CCW policies of the Fresno County Sherrif's Office, and is **DENIED** as to the remaining requests.

3. Defendants' motion for summary judgment (Doc. 55) is **GRANTED**.

4. The Clerk of Court is directed to enter judgment in favor of Defendants and against Plaintiff, and to close this case.

IT IS SO ORDERED.

Dated:   March 14, 2026

_____
UNITED STATES DISTRICT JUDGE

3